THE PEOPLE *ex rel.* CITIZENS FOR A BETTER BLOOMINGDALE *et al.*, Plaintiffs-Appellants, *v.* THE VILLAGE OF BLOOMINGDALE, Defendant-Appellee.

Second District (2nd Division)    No. 75-141

Opinion filed April 19, 1976.

Thomas P. Young, of Wotan & Muscarello, of Elgin, for appellants.

Edward T. Graham, of Glen Ellyn, for appellee.

Mr. JUSTICE DIXON delivered the opinion of the court:

This is an appeal from the denial of plaintiffs' application for leave to file a complaint in quo warranto. The complaint seeks to challenge the annexation by the Village of Bloomingdale of a tract of contiguous territory. The defendant Village filed a motion in opposition to plaintiffs' application. After a hearing the Circuit Court of Du Page County denied leave to file and plaintiffs appeal.

Plaintiffs attempt to challenge the annexation by the Village of over 800 acres of contiguous territory. Section 7—1—8 of the Municipal Code (Ill. Rev. Stat., ch. 24, par. 7—1—8) provides in relevant part:

> Any territory which is not within the corporate limits of any municipality but which is contiguous to a municipality * * * may be annexed to the municipality in the following manner: a written petition signed by the owners of record of all land within such territory, and by at least 51% of the electors residing therein shall be filed with the municpal clerk. The petition shall request annexation and shall state that no electors reside therein or that at least 51% of

such electors residing therein join in the petition, whichever shall be the case, and shall be under oath. The corporate authorities of the municipality to which annexation is sought shall then consider the question of the annexation of the described territory. A majority vote of the corporate authorities then holding office is required to annex * * *. A copy of the ordinance anexing the territory together with an accurate map of the annexed territory shall be recorded with the recorder of deeds and filed with the County Clerk within the county wherever the annexed territory is located."

In accordance with this provision, all of the record owners of the territory and more than 51% of the electors residing in the territory filed a petition, under oath, with the clerk of the Village requesting annexation. Notices in accordance with the statutes were duly served upon interested fire protection districts. On December 20, 1973, by unanimous vote, the Village Board of Trustees, in two separate actions, authorized the village president and village clerk to enter into and execute an annexation agreement[1] which was immediately done, and then, after additional deliberation, the Board of Trustees adopted an annexation ordinance annexing the territory to the Village. The annexation ordinance and a plat of the territory annexed thereunder were duly recorded and filed.

On December 12, 1974, plaintiffs filed their Application seeking leave of court to file a complaint for writ of quo warranto. Defendant filed a motion in opposition to the application.

The application was presented on behalf of an *ad hoc* association, "Citizens for Better Bloomingdale," and 19 individuals who claimed to be residents of the Village.

The thrust of the application and plaintiffs' proffered complaint for writ of quo warranto was to challenge the wisdom of the Board's action in reference to the annexation agreement.

Neither the application, nor the accompanying complaint contested the Village's compliance with the applicable annexation statute or with the annexation agreement act. Nor did the application specifically allege the manner in which plaintiffs' "interest in the question" was materially any different than the public's interest generally. See *People ex rel. Gordon v. City of Naperville*, 30 Ill. App. 3d 521, 524.

Both pleadings focused solely on the provisions of the annexation agreement between the Village, Urban Investment and Development Co., which is the developer, and the record owners of the territory.

Pursuant to the annexation agreement, the territory was to be zoned as a "Planned Unit Development District of 250 Acres or More." Urban

[1] Pursuant to division 15.1 of the Municipal Code (Ill. Rev. Stat., ch. 24, par. 11—15.1—1 *et seq.*).

agreed, *inter alia*, to construct certain improvements and to convey land to the Village for use as parks, municipal facilities, and schools. In consideration, the Village undertook the usual duties of municipal jurisdiction. The required municipal improvements for the territory would not involve out-of-pocket expenditures by the Village, but were to be financed entirely by fees and revenues generated from the territory.

The trial court heard arguments of opposing counsel in reference to the issues joined in the application and motion in opposition. During the arguments, plaintiffs' counsel was repeatedly questioned by the court concerning the specific interests of his clients. The court inquired specifically whether the statutory requirements had been satisified. Plaintiffs' counsel made no suggestion that the Village did not fully comply with the statutes.

Although plaintiffs purport to challenge the authority of the Village to exercise municipal jurisdiction over the territory, neither the application nor the accompanying complaint sets forth the basis for the Village's alleged lack of such authority in fact, not one of the allegations in the complaint relates to the validity of the annexation ordinances adopted by the Village, or to any deficiency in the procedure used. Plaintiffs' challenge *relates to the advisability and wisdom of the Village entering into the annexation agreement.* The attack is not upon the legality of the annexation or of the legality of the agreement but upon its advisability and wisdom.

■■ The determination of whether a municipality should expand its boundaries is purely a legislative function which rests within the discretion of the legislative branch of the government. *New-Mark Builders, Inc. v. City of Aurora,* 90 Ill. App. 2d 98, 101.

■■■ Quo warranto is not a proper proceeding to test the legality of the official acts of public officers. (*People ex rel. Nelson v. Taylor,* 281 Ill. 355, 358; *People ex rel. Chillicothe Township v. Board of Review,* 19 Ill. 2d 424.) The only proper scope of quo warranto proceeding is to challenge the authority to act, as distinguished from the manner of exercising authority. (*People ex rel. Buffalo Utility Co. v. Village of Buffalo Grove,* 85 Ill. App. 2d 382, 387; *People ex rel. Hamer v. Board of Education,* 132 Ill. App. 2d 46, 49.) The scope of inquiry here is limited to a test of defendant's power and authority to exercise jurisdiction over the territory. It is conceded that the Municipal Code is the source from which the Village must acquire the power to annex the territory. Therefore, the sole question is as to whether the defendant has met the conditions prescribed by the Act so that the power it would acquire under the Code by compliance is now available to it. Failure to adopt valid ordinances or other failures of compliance with the Code would prevent the Village from exercising the power. In this connection the distinction must be

made between the acts which were taken in meeting the conditional requirements of the statutes and those taken by the village officials in the exercise of the power. Those belonging to the latter class are not open to inquiry in a quo warranto action. (*People v. City of Paris*, 380 Ill. 503, 509.) The question is not as to how the village officials exercised the power but as to whether the Village had the right to exercise the power provided by the Act.

■■ We conclude that the exercise of the defendant's officials discretion in the performance of its authorized powers is not subject to challenge by quo warranto and that the application was properly denied. We, therefore, affirm the judgment below.

Judgment affirmed.

T. J. MORAN, P. J., and RECHENMACHER, J., concur.