THE PEOPLE *ex rel.* JAMES E. RYAN, State's Attorney for Du Page County, Plaintiffs-Appellants, v. THE CITY OF WEST CHICAGO *et al.,* Defendants-Appellees.

Second District   No. 2—91—0093

Opinion filed July 19, 1991.

James E. Ryan, State's Attorney, of Wheaton (Barbara A. Preiner, Carole R. Doris, and George J. Sotos, Assistant State's Attorneys, of counsel), for appellants.

Joan S. Kato and Lynn Marie Pruss, both of Bell, Boyd & Lloyd, of Oak Brook, and Robert D. Greenwalt, of West Chicago (Larry Thompson, of counsel), for appellees.

JUSTICE DUNN delivered the opinion of the court:

Plaintiff, James E. Ryan, the State's Attorney of Du Page County, filed a complaint in *quo warranto* against defendants, City of West Chicago (City) and Du Page Airport Authority (Authority). Plaintiff appeals from an order of the circuit court of Du Page County granting with prejudice motions to dismiss filed by the City and the Authority. On appeal, plaintiff contends that: (1) under section 18—103 of the Code of Civil Procedure (Code) (Ill. Rev. Stat. 1989, ch. 110, par. 18—103), the circuit court was not permitted to

consider motions to dismiss a *quo warranto* complaint which generally challenged the authority of defendants to undertake certain actions, and (2) the circuit court erroneously concluded that the complaint was not a proper *quo warranto* complaint. We reverse and remand.

Plaintiff attached to his complaint a copy of an annexation agreement entered into by the City and the Authority on September 17, 1990. The agreement states in part as follows. On September 14, 1990, the Authority presented a petition requesting annexation of a 1,706-acre tract of land which it owned by the City. The City agreed not to limit by ordinance any of the statutory powers conferred upon the Authority in "An Act in relation to airport authorities" (Act) (Ill. Rev. Stat. 1989, ch. 15½, par. 68.1 *et seq.*). This would enable the Authority, among other things, to continue maintaining a security force for police and fire protection. The City also agreed to refrain from regulating the operation of Du Page Airport and imposing certain types of restrictions regarding the airport or airport land.

The agreement further provided that the Authority would adopt a building code at least as stringent as the City code and that the City would not require any building permit or fees for any structure owned by the Authority and used for airport purposes. Additionally, the City agreed to pay the Authority one-half of all municipal retailer's occupation, sales, and use tax revenue collected by the City because of goods sold on the Authority's property. The agreement had other provisions, including sections on water and sewer service, roads and drainage, and well sites. It also stated that the City would consider issuing revenue bonds to help develop the Authority's property.

Count I of plaintiff's complaint is directed against the City. Under the heading, "Question Presented," it states as follows:

> "There is a legitimate public concern whether the City has unlawfully exceeded its statutory authority by annexing the Du Page Airport and by the terms of the annexation agreement whereby the City delegates to the Authority its rights and authority: (1) to exercise certain of the City's police powers, including but not limited to, land use regulation, building inspection and permitting, and other licensing and public service duties and powers; and (2) to pay to the Authority a sum equal to fifty percent of the Municipal Retailer's Occupational [*sic*] taxes and other sales and use taxes

collected by the City by virtue of goods sold on or at the Authority's property."

Plaintiff then prayed that the court require the City to answer the complaint and show by what lawful authority and warrant it exercised the above powers. If the City was unable to do so, plaintiff prayed for a judgment ousting and expelling the City from the exercise of those powers.

Count II of the complaint was directed against the Authority. Under the heading, "Question Presented," it states as follows:

"There is a legitimate public concern whether the Authority has unlawfully exceeded its statutory powers by: (1) annexing into West Chicago and by entering into an annexation agreement by which the Authority presumes to exercise certain municipal police powers, including but not limited to, land use regulation beyond "airport hazard" zoning, building inspection and permitting, and other licensing and public service duties and powers; and to accept allocation of sales tax and any other use taxes in contravention of Article 9, Section 2 of Illinois Constitution; and (2) by raising and expending public funds (including the issuance of bonds) for the purpose and operation of property for recreational, commercial and other uses unrelated to airport purposes."

Plaintiff prayed in this count that, if the Authority was unable to show by what lawful warrant and authority it exercises the above powers, the court enter a judgment ousting and expelling it from exercising them.

Both the City and the Authority filed motions to dismiss in which they contended plaintiff's complaint was not a proper *quo warranto* action because the terms of an annexation agreement may not be challenged through *quo warranto* proceedings. Plaintiff filed a motion to strike the motions to dismiss on the basis that if a *quo warranto* complaint does not expressly set forth the basis to the challenge of defendant's claimed right, section 18—103 of the Code (Ill. Rev. Stat. 1989, ch. 110, par. 18—103) requires defendant to file an answer disclaiming or justifying its exercise of the claimed right. The trial court denied the motion to strike and dismissed both counts of the complaint with prejudice. Plaintiff now appeals.

■ ■ It is clear that a complaint in a *quo warranto* action does not have to set forth the basis of plaintiff's challenge but needs only to allege that defendant is asserting the claimed right without lawful authority. (Ill. Rev. Stat. 1989, ch. 110, par. 18—103; *People*

*ex rel. Nelson v. Village of Long Grove* (1988), 169 Ill. App. 3d 866, 871.) Furthermore, section 18—103 of the Code states in part as follows:

> "If the plaintiff elects to set forth expressly in the complaint the grounds for an attack on the defendant's claimed right, the defendant may answer the complaint or present a motion directed thereto as in other civil actions, but if the complaint is in general terms, as provided in Article XVIII of this Act, the defendant shall by answer disclaim or justify, and, if the defendant justifies, shall set out the facts which show the lawful authority to exercise the right claimed." Ill. Rev. Stat. 1989, ch. 110, par. 18—103.

██ █ Since the above provision is found in article XVIII of the Code (Ill. Rev. Stat. 1989, ch. 110, par. 18—101 *et seq.*), which is entitled "Quo Warranto," it is evident that section 18—103 applies only to *quo warranto* complaints. If the language of a statutory provision is unambiguous, the plain and ordinary meaning of that language will be given effect. (*People ex rel. Ryan v. Village of Villa Park* (1991), 212 Ill. App. 3d 187, 191.) Here, the statutory language could not be clearer. Section 18—103 allows motions to dismiss complaints to be brought only if the complaint expressly sets forth the grounds for an attack on defendant's claimed right. If, however, the complaint does not do so and is phrased in general terms, defendant must by answer either disclaim or justify. (*People ex rel. Henderson v. Redfern* (1966), 75 Ill. App. 2d 196, 200.) It is readily apparent from the language of section 18—103 that motions to dismiss *quo warranto* complaints cannot be considered under the aforementioned circumstances.

██ The Authority asserts that the result of such a conclusion is that any pleading concerning any matter which is filed by the Attorney General or a State's Attorney on behalf of the People of the State of Illinois and is entitled "Complaint in *Quo Warranto*" will be free from attack by a motion to dismiss as long as general allegations are made. We disagree. In determining the nature of a pleading or a motion, courts are not bound by the title given to the document by a party; instead, the substance of the document will be examined. See *Maas v. Cohen Associates, Inc.* (1983), 112 Ill. App. 3d 191, 194 (document entitled "motion for injunction" would be regarded as complaint and motion to strike that filing would be regarded as a motion to strike a complaint).

Section 18—101 of the Code, which sets forth the grounds for obtaining *quo warranto* relief, states as follows:

"A proceeding in quo warranto may be brought in case:

(1) Any person usurps, intrudes into, or unlawfully holds or executes any office, or franchise, or any office in any corporation created by authority of this State;

(2) Any person holds or claims to hold or exercise any privilege, exemption or license which has been improperly or without warrant of law issued or granted by any officer, board, commissioner, court, or other person or persons authorized or empowered by law to grant or issue such privilege, exemption or license;

(3) Any public officer has done, or allowed any act which by the provisions of law, works a forfeiture of his or her office;

(4) Any association or number of persons act within this State as a corporation without being legally incorporated;

(5) Any corporation does or omits to do any act which amounts to a surrender or forfeiture of its rights and privileges as a corporation, or exercises powers not conferred by law;

(6) Any railroad company doing business in this State charges an extortionate rate for the transportation of any freight or passenger, or makes any unjust discrimination in the rate of freight or passenger tariff over or upon its railroad." Ill. Rev. Stat. 1989, ch. 110, par. 18—101.

■■ ■ Since section 18—101 sets forth the grounds for *quo warranto* relief, a complaint which fails to allege one or more of the above grounds cannot be considered a complaint in *quo warranto*. Thus, the Authority's concern that the Attorney General or a State's Attorney could evade pleading requirements by mislabeling a pleading as a *quo warranto* complaint is unfounded.

In their respective motions to dismiss, the City and the Authority contended that while a *quo warranto* complaint may be filed to allege that a municipality failed to file the appropriate statutory procedures for annexation (see Ill. Rev. Stat. 1989, ch. 24, par. 7—1—1 *et seq.*), a *quo warranto* action may not be filed to challenge provisions of an annexation agreement. If plaintiff's complaint was not a proper *quo warranto* action under section 18—103, then the motions to dismiss could have been considered by the trial court. The City attached exhibits to its motion, including a copy of the petition for annexation and its annexation ordinance, to show that it had complied with the procedural annexation requirements. The trial court agreed with the above contention and granted the mo-

tions to dismiss, relying on the holding of this court in *People ex rel. Citizens for a Better Bloomingdale v. Village of Bloomingdale* (1976), 37 Ill. App. 3d 583.

■■ ■ First of all, we note that, in count II, plaintiff alleges that it was beyond the Authority's statutory powers to have its land annexed into the City, thus challenging the validity of the annexation itself, not the terms of the annexation agreement. A *quo warranto* complaint is the proper method of challenging a completed annexation. (*In re Petition of Village of Kildeer to Annex Certain Territory* (1988), 124 Ill. 2d 533, 543.) Therefore, at the very least, the above allegation should have withstood the motions to dismiss.

■■ Furthermore, defendants' assertion that a *quo warranto* complaint is never an appropriate means of challenging an annexation agreement, as opposed to an annexation, is without merit. Section 18—101(5) of the Code expressly permits a *quo warranto* complaint to be filed against a corporation which "exercises powers not conferred by law." (Ill. Rev. Stat. 1989, ch. 110, par. 18—101(5).) This provision clearly applies to municipal corporations such as the City and Authority, as our supreme court has held that a *quo warranto* action may be brought in an attempt to oust a municipal corporation from unlawfully exercising assumed powers. *People v. City of Chicago* (1952), 413 Ill. 83, 86; see also *People ex rel. Gage v. Village of Wilmette* (1940), 375 Ill. 420, 424 (word "corporation" in *quo warranto* act construed as including municipal corporation).

■■ If, in an annexation agreement, a municipal corporation agrees to do something which it is not empowered to do under the law, we can perceive no reason why this could not be challenged in a *quo warranto* action. The complaint in this case alleges that, in the annexation agreement, the City has agreed to delegate certain of its powers to the Authority and share certain tax revenues. The complaint further states that a question exists as to whether the City has a legal right to delegate, and the Authority a legal right to accept, those powers, and whether the tax-sharing arrangement is illegal. Thus the complaint alleges that both the City and Authority have exercised powers not conferred by law, and it is a proper *quo warranto* complaint under section 18—101(5).

The *Village of Bloomingdale* case, relied upon by defendants and the trial court, is distinguishable and does not dictate the result urged by defendants. In that case, a citizens' group was denied leave to file a *quo warranto* complaint seeking to challenge an annexation made pursuant to an annexation agreement. The court

noted that plaintiffs did not allege any failure to comply with the statutory requisites for annexation. Instead, the court stated, "The thrust of *** plaintiffs' proffered complaint for writ of quo warranto was to challenge the wisdom of the Board's action in reference to the annexation agreement." (*Village of Bloomingdale*, 37 Ill. App. 3d at 585.) In upholding the trial court's denial of leave to file a complaint in *quo warranto* (such leave is required if the complaint is not filed by the Attorney General or a State's Attorney), the court stated, "We conclude that the exercise of the defendant's officials discretion in the performance of its authorized powers is not subject to challenge by quo warranto." 37 Ill. App. 3d at 587.

▉▉▉ In the case at bar, plaintiff raises no challenge to the wisdom of the annexation agreement. Instead, the thrust of the complaint is that the City officials did not have the authority to delegate certain of its powers to the Authority and the Authority does not have the right to exercise those powers. Furthermore, the complaint states that the City and the Authority do not have the legal right to share tax revenues. This is not a challenge to discretionary actions taken by the City and Authority; instead, it is clearly a challenge to their authority to take certain actions as required by the annexation agreement. The concerns raised in *Village of Bloomingdale* are not present here.

▉▉▉ Since plaintiffs' complaint is a proper complaint in *quo warranto*, the trial court erred by granting the motions to dismiss, and its dismissal order must be reversed. Additionally, those motions should have been stricken and should not have been considered under section 18—103 of the Code because the complaint is phrased in general terms and does not specify the basis for an attack on defendants' exercise of authority. We therefore reverse the order of the circuit court of Du Page County and remand the cause with instruction to order defendants to file answers disclaiming or justifying the actions alleged in the complaint.

Reversed and remanded with directions.

INGLIS and BOWMAN, JJ., concur.