RICHARD TILLER, Plaintiff-Appellee, v. SUSAN SEMONIS, Defendant-Appellant.

First District (4th Division) No. 1—92—2659

Opinion filed May 5, 1994.

Gregory R. Spelson, of Moss & Hillison, of Chicago, for appellant.

Denise Staniec, of Law Office of Denise Staniec, of Chicago, for appellee.

PRESIDING JUSTICE CAHILL delivered the opinion of the court:

This is an appeal from orders entering judgment on an arbitration award and denying the defendant relief from the judgment under section 2—1301 of the Code of Civil Procedure. (Ill. Rev. Stat. 1991,

ch. 110, par. 2—1301(e) (now 735 ILCS 5/2—1301(e) (West 1992)).) The underlying action was brought by Richard Tiller after his car was struck by an automobile owned and driven by Susan Semonis. The case proceeded to mandatory arbitration and the plaintiff was awarded $10,000. The circuit court entered judgment on the award and denied defendant relief under section 2—1301. Defendant appealed, and we affirm.

The defendant's attorneys argued below and now on appeal that they were unaware of the arbitration hearing date and so missed the hearing. The defendant was initially represented by the firm of Parillo, Weiss, and Moss. Subsequently, the firm of Moss & Hillison presented a motion for substitution of attorneys. The court granted the motion and entered an order indicating that correspondence be sent to Moss & Hillison at 55 E. Monroe, Suite 3700, Chicago, IL 60603.

Correspondence was exchanged between plaintiff and defendant at their Monroe Street address. Both parties took steps to prepare for trial. On December 20, 1991, the court ordered the case transferred to the mandatory arbitration calendar. (Ill. Rev. Stat. 1991, ch. 110, par. 2—1001A *et seq.* (now 735 ILCS 5/2—1001A (West 1992)).) Shortly after January 16, 1992, the plaintiff received postcard notice from the court that the matter was set for mandatory arbitration at 8:30 a.m. on March 24, 1992. Defendant's lawyers claim that they did not receive any notice of the hearing.

The arbitration proceeding was held on March 24, 1992. Defendant and her counsel failed to appear. The arbitrators entered an award for $10,000 in favor of the plaintiff. On March 30, 1992, notice of the award was sent by the clerk of the court to all the parties or their attorneys. This notice included notice of the May 1, 1992, date for the judgment on award hearing.

On April 30, 1992, the plaintiff received a copy of an "emergency" motion to vacate the award from the defendant. On May 1, 1992, the plaintiff appeared for the judgment on award hearing. The defendant and her attorneys failed to appear. The judge entered judgment on the award. The defendant then appeared later in the day and sought to argue the motion to vacate. The judge entered an order striking the motion to vacate stating that judgment had already been entered and that the motion was not properly an emergency motion.

On May 6, 1992, defendant filed a motion to vacate under section 2—1301 of the Code of Civil Procedure. (Ill. Rev. Stat. 1991, ch. 110, par. 2—1301(e) (now 735 ILCS 5/2—1301(e) (West 1992)).) The motion was set for hearing on June 24, 1992. Once again, defendant failed to appear. The judge entered an order denying the motion. Defendant timely appealed.

■ Preliminarily, we note reference in appellee's brief to several documents not contained in the record on appeal. These documents include: several notices of hearings sent to plaintiff's attorney from the clerk's office; a letter dated February 18, 1992, from plaintiff's attorney to defendant's attorney regarding Rule 90 of the mandatory arbitration rules; and a letter dated March 3, 1992, from defendant's attorney to plaintiff's attorney regarding Rule 90. We will not consider evidence that is not contained in the record. (*Rosengard v. McDonald* (1990), 205 Ill. App. 3d 208, 562 N.E.2d 583.) Absent a stipulation by the parties, documents not otherwise before the court, but attached to an appellate brief, are not part of the record on appeal. (*Zimmer v. Melendez* (1991), 222 Ill. App. 3d 390, 583 N.E.2d 1158; *Office Electronics, Inc. v. Adell* (1992), 228 Ill. App. 3d 814, 593 N.E.2d 732.) Because these documents were not before the trial court and defendant has not stipulated to their authenticity, we disregard them in this appeal.

■ Defendant argues that the trial court erred by denying her emergency motion to vacate the arbitration award and by denying the motion to vacate the award under section 2—1301. Her position is based solely on Supreme Court Rule 88, which states: "The procedure for fixing the date, time and place of a hearing before a panel of arbitrators shall be prescribed by circuit rule provided that not less than 60 days' notice in writing shall be given to the parties or their attorneys of record." 134 Ill. 2d R. 88.

We are unable to determine the source of authority for defendant's "emergency" motion to vacate the arbitration award. The arbitration rules do not provide for a motion to vacate an award. It does not appear that the motion was intended as a rejection of the arbitration award because it was not captioned as such. If it had been so intended, the motion would have been late because it was filed five days beyond the 30-day time limit for filing rejections. (134 Ill. 2d R. 93.) Generally, courts will look to the substance of a motion to determine its basis. (*People ex rel. Ryan v. City of West Chicago* (1991), 216 Ill. App. 3d 683, 575 N.E.2d 1321.) The wording of the motion was similar to that of the section 2—1301 motion. Because the motion was seeking to vacate a default judgment, we will consider it as a motion under section 2—1301.

■ Section 2—1301(e) of the Code of Civil Procedure provides: "The court may in its discretion, before final order or judgment, set aside any default, and may on motion filed within 30 days after entry thereof set aside any final order or judgment upon any terms and conditions that shall be reasonable." (Ill. Rev. Stat. 1991, ch. 110, par. 2—1301(e) (now 735 ILCS 5/2—1301(e) (West 1992)).) The decision to

grant or deny a request for relief under section 2—1301 is within the trial court's discretion. *Havana National Bank v. Satorius-Curry, Inc.* (1988), 167 Ill. App. 3d 562, 521 N.E.2d 645.

■ The trial court's primary concern in deciding whether or not to set aside a default judgment is to do substantial justice between the parties. (*Ward v. Rosenfeld* (1990), 204 Ill. App. 3d 908, 562 N.E.2d 674.) It is undisputed that defendant did not appear at the mandatory arbitration hearing. Although her lawyers claim that they were not aware of the date of the hearing, the court's order of December 20, 1991, stated that the case was being transferred to the mandatory arbitration calendar. Attorneys have a legal and ethical duty to act with reasonable diligence in representing their client's interests. (Model Rules of Professional Conduct Rule 3.1 (1983); Model Code of Professional Responsibility Rule 6—101(a)(3) (1970).) This duty includes tracking their cases and learning the date upon which a hearing is to occur. Both parties have an independent duty to do the same. (*American Reserve Corp. v. Holland* (1980), 80 Ill. App. 3d 638, 400 N.E.2d 102.) The failure of a litigant to be notified of the date of a hearing does not constitute an excuse for failing to appear at the hearing. *Hall v. Hall* (1973), 15 Ill. App. 3d 599, 304 N.E.2d 763.

■ A lawyer's claim of lack of postcard notice is ultimately rooted in credibility and the trial court's assessment of it. Some lawyers establish unquestioned credibility in a lawsuit by a continuous course of admirable professional conduct that leads judges, who are also lawyers, to grant equitable relief for a lapse, an oversight, or a document gone astray. Others, by their conduct, engender in the judge a certain wariness in the exercise of equitable relief. We note that the mandatory arbitration hearing here was only one of three hearings at which lawyers for the defendant failed to appear. They were late for the judgment on award hearing at which the "emergency" motion to vacate was to be heard, and also failed to appear for the hearing on their own section 2—1301 motion. Based upon the complete record, their habit of failing to appear is conduct the trial court could weigh in reaching an equitable result. We believe the trial judge did not abuse his discretion when he refused to vacate the default judgment.

Affirmed.

JOHNSON and HOFFMAN, JJ., concur.