2021 IL App (1st) 191764-U

No. 1-19-1764

Order filed September 1, 2021

Third Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| THE THRESHOLDS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County |
| | ) | |
| v. | ) | No. 18 M1 711431 |
| | ) | |
| JOHN HAMILTON, | ) | Honorable |
| | ) | Alison C. Conlon, |
| Defendant-Appellant. | ) | Judge presiding. |

_____

JUSTICE BURKE delivered the judgment of the court.
Presiding Justice Howse and Justice Ellis concurred in the judgment.

**ORDER**

¶ 1     *Held*: We affirm the circuit court's orders granting plaintiff's motion to reinstate its complaint for forcible entry and detainer against defendant, entry of an order of eviction, and denying defendant's request for additional time to file a response to the motion.

¶ 2     Defendant John Hamilton appeals the circuit court's August 2, 2019, order of eviction in favor of plaintiff The Thresholds (Thresholds) and the circuit court's August 2, 2019, order denying defendant's request to grant his new attorney 14 days to file a response to Thresholds' motion to reinstate the case. On appeal, Hamilton argues that Thresholds should not have been

permitted to refile its complaint for forcible entry and detainer, that Thresholds engaged in "bad faith" behavior, and that Hamilton's due process rights were violated when the circuit court proceeded to hold a hearing on Thresholds' motion without allowing Hamilton's attorney time to file a response or become familiar with the case. For the following reasons, we affirm.

¶ 3                                    I. BACKGROUND

¶ 4        On July 24, 2018, Thresholds initiated a complaint for forcible entry and detainer against Hamilton for failure to pay rent for the Chicago apartment he rented from Thresholds. Thresholds claimed Hamilton owed a total amount of $4,669.97.

¶ 5        Hamilton filed an answer and affirmative defenses on December 11, 2018. Hamilton asserted that he mailed a check for $1,300 on April 1, 2018, to cover April rent ($1,128) and a small past due amount ($157), but the check was never received by Thresholds. He received a notice to pay from Thresholds on April 23, 2018, requesting payment of $1,285.97. Hamilton hand-delivered a check for $1,300 on April 29, 2018, to Thresholds' business office. Hamilton alleged that he also hand-delivered a check for $1,235, on May 4, 2018, which was intended to cover his May rent ($1,128) and any additional money he thought he might owe. He erroneously dated that check June 1, 2018. Hamilton asserted he should have a credit of $121.03 based on those two checks. However, he received a notice of termination of tenancy from Thresholds on May 14, 2018, demanding payment of $2,413.97 within five days (April rent of $1,128, May rent of $1,128, and a past due balance of $157.97). Thresholds rejected his two checks.

¶ 6        As affirmative defenses, Hamilton asserted that the notice of termination of tenancy that Thresholds' sent on May 14, 2018, was invalid under the Chicago Residential Landlord Tenant Ordinance ((RLTO) (Chicago Municipal Code § 5-12-010, *et seq.*), the Illinois Eviction Act (formerly known as the Forcible Entry and Detainer Act) (735 ILCS 5/9-101 *et seq.* (West 2018),

and the common law because Thresholds had received Hamilton's payments for April and May 2018 rent at that time and there was no rent unpaid. Hamilton further asserted that Thresholds was estopped from terminating Hamilton's tenancy without allowing him an opportunity to cure the error on the May rent check, which he had erroneously dated June 1, 2018. Hamilton asserted that he was a disabled veteran due to traumatic brain injuries sustained during his military service, which cause him to make errors in written documents such as when drafting checks. Hamilton asserted that since his tenancy with Thresholds began in 2008, Thresholds was contractually obligated, and has consistently provided, clinical or case management services to Hamilton such as assistance in correcting errors in amounts and dates on his rent checks, but did not do so on this occasion and did not provide him with any notice that it was terminating this service.

¶ 7    The parties began discovery. Hamilton's counsel subsequently withdrew on January 9, 2019, citing irreconcilable differences. The court entered an order on January 16, 2019, directing Hamilton to obtain substitute counsel or appear *pro se* by January 30, 2019. When defendant failed to obtain alternative counsel or otherwise appear, the court entered a default judgment against Hamilton on February 1, 2019. Hamilton filed a motion to vacate. He also obtained alternate counsel, Michael Radzilowsky, who filed an appearance on March 14, 2019. The matter was set for trial.

¶ 8    On March 28, 2019, the court entered an agreed order in which the parties agreed that (1) Hamilton would pay past-due rent, which now totaled $13,693.97, in 12 monthly payments, (2) Hamilton would commence making regular monthly rent payments of $1,128.00 beginning on April 1, 2019, (3) Hamilton would not threaten Thresholds' staff, (4) Hamilton would allow access to his apartment when necessary, (5) Hamilton would cooperate and relocate units if

necessary, (6) Hamilton would cooperate with the HUD recertification process, (7) Thresholds will give Hamilton a form for Hamilton to register his service dog, (8) dismissing Thresholds' action without prejudice, and (9) provided that if Hamilton breached one or more of the provisions of the agreed order, Hamilton agreed that Thresholds may reinstate the case "upon notice and motion and that Plaintiff will be entitled to the entry of an Order of Eviction and Order of Possession instanter with no delay in the right to ask the sheriff for enforcement." Hamilton, while represented by counsel, signed the order.

¶ 9       Defendant's counsel thereafter filed a motion to withdraw as counsel on June 12, 2019, citing irreconcilable differences, and also filed a petition to adjudicate attorney fees for negotiating the agreed order with Thresholds.

¶ 10      On July 2, 2019, Thresholds filed a motion to reinstate its case and for entry of an order of eviction and possession *instanter* asserting that Hamilton failed to abide by the terms of the agreed order. Thresholds asserted that Hamilton failed to pay June 2019 rent, failed to make the June 2019 past due rent payment, and failed to comply with supplying information about his dog and completion of HUD recertification documents.

¶ 11      The circuit court entered an order on July 10, 2019, granting, *inter alia*, Hamilton 21 days to appear *pro se* or through counsel. On July 31, 2019, Thresholds refiled the motion to reinstate the case.

¶ 12      On August 2, 2019, Hamilton's new counsel filed an appearance and also requested 7 days to file an appearance and 14 days to respond to Thresholds' motion or otherwise plead in answer to Thresholds' forcible entry and detainer complaint.

¶ 13      However, on that same date, the circuit court held a hearing and entered an order granting Thresholds' motion to reinstate the case. It found Hamilton's counsel's request for 7 days to file

an appearance moot because counsel filed an appearance on that same day. The court denied counsel's request for 14 days to file a response to the motion or otherwise plead. The circuit court also entered an eviction order against Hamilton on that same date.

¶ 14    Hamilton filed a notice of appeal from the two August 2, 2019, orders and the March 28, 2019, agreed order. This court denied Hamilton's subsequent emergency motion to stay the eviction order during the pendency of the appeal. Hamilton filed the motion in the Illinois Supreme Court, which granted it.

¶ 15    As no brief on appeal was submitted by Thresholds, we elected to consider this case on appellant's brief only. See *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976) (this court may consider appeal where the record is simple and the claimed errors are such that they may be easily decided without the aid of an appellee's brief).

¶ 16                               II. ANALYSIS

¶ 17                            A. Preliminary Matters

¶ 18    At the outset, we observe that Hamilton has failed to provide the full record on appeal. Hamilton asserts that the circuit court held an evidentiary hearing on August 2, 2019, regarding Thresholds' motion. However, Hamilton failed to provide on appeal a transcript of the hearing for this court to review. There is no report of proceedings or agreed statement of facts from the hearing. The appellant has the burden of presenting a sufficiently complete record of the lower court proceedings to support any claims of error; absent such records, we presume that the circuit court's order conforms with the law and is supported by a sufficient factual basis. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984). Accordingly, we must resolve any doubts arising from an incomplete record against the appellant. *Id.* Without the report of proceedings from the August 2, 2019, hearing, this court has no knowledge of what arguments the parties made before

the circuit court or what testimony or evidence was presented. The common law record contains the August 2, 2019, orders granting Thresholds' motion to reinstate the case, denying Hamilton's request for additional time, and granting the eviction, but these written orders do not contain extensive reasoning or fact findings. We therefore do not know the factual findings or reasoning underlying the circuit court's ruling. Considering these circumstances, we must presume that the circuit court acted in conformity with the law and that its rulings were proper given the evidence before it. *Id.*

¶ 19 As an additional threshold matter, Hamilton's brief on appeal provides an "index to appendix" that lists 18 exhibits. However, there was no appendix included with his brief on appeal containing these exhibits. Further, we note that some of the exhibits listed in his index were also attached to his emergency motion for stay that he filed in this court. However, many of these exhibits are not contained in the lower court record or certified record on appeal. The statement of facts and analysis in his brief on appeal relies on these exhibits in making factual assertions and arguments. "It is axiomatic that this court may not consider documents that are not part of the certified record on appeal." *Hartz Construction Company, Inc. v. Village of Western Springs*, 2012 IL App (1st) 103108, ¶ 50. "Absent a stipulation by the parties, documents not otherwise before the court, but attached to an appellate brief, are not part of the record on appeal." *Tiller v. Semonis*, 263 Ill. App. 3d 653, 656 (1994). Because these documents were not before the circuit court and Thresholds "has not stipulated to their authenticity, we disregard them in this appeal." *Id.*

¶ 20        B. Subject Matter Jurisdiction

¶ 21 With the foregoing in mind, we turn to Hamilton's first argument on appeal that the circuit court did not have subject matter jurisdiction when it entered the August 2, 2019, orders

granting Thresholds' motion to reinstate the case and evicting Hamilton. He contends these orders are void because Thresholds was not permitted to refile its voluntarily dismissed complaint for a third time, citing section 13-217 of the Illinois Code of Civil Procedure (the Code). This section provides in relevant part:

> "if judgment is entered for the plaintiff but reversed on appeal, or if there is a verdict in favor of the plaintiff and, upon a motion in arrest of judgment, the judgment is entered against the plaintiff, or the action is dismissed by a United States District Court for lack of jurisdiction, or the action is dismissed by a United States District Court for improper venue, then, whether or not the time limitation for bringing such action expires during the pendency of such action, the plaintiff *** may commence a new action within one year or within the remaining period of limitation, whichever is greater ***. No action which is voluntarily dismissed by the plaintiff or dismissed for want of prosecution by the court may be filed where the time for commencing the action has expired."
>
> 735 ILCS 5/13-217 (West 2018).

¶ 22    Hamilton argues that Thresholds first filed its complaint for forcible entry and detainer on June 4, 2018, in case no. 18 M1 708414, and then voluntarily dismissed this complaint on July 18, 2018. Hamilton asserts that Thresholds filed the same complaint on July 24, 2018, under a different case number, 18 M1 711431 (the instant case). And Thresholds again voluntarily dismissed its complaint on March 28, 2019. As such, Hamilton contends that the circuit court erred in allowing Thresholds to reinstate this complaint on August 2, 2019.

¶ 23    Although Hamilton indicates that the June 4 complaint and the July 18 voluntary dismissal were provided in his appendix, as noted, his appellate brief was filed without an

appendix. These exhibits were also not contained in the appendix to his motion to stay eviction filed with this court. Moreover, they do not appear in the lower court record. Accordingly, we may not consider them. *Hartz Construction Company*, 2012 IL App (1st) 103108, ¶ 50; *Tiller,* 263 Ill. App. 3d at 656.

¶ 24    Additionally, Hamilton did not raise this argument in the circuit court. "[A]rguments may not be raised for the first time on appeal." *Webber v. Wight & Company*, 368 Ill. App. 3d 1007, 1019 (2006). He contends that it involves a matter of subject matter jurisdiction which may be raised at any time. However, our court has specifically found that section 13-217 is "considered procedural, not jurisdictional, and affect only the remedy available, not the substantive rights of the parties." *McRaith v. BDO Seidman, LLP*, 391 Ill. App. 3d 565, 580 (2009).

¶ 25    Moreover, the language of section 13-217 demonstrate that it does not apply in this instance as judgment for Thresholds was not entered then reversed on appeal or dismissed in the federal courts. Thresholds' July 24, 2018, complaint was dismissed on March 28, 2019, as part of the parties' agreed order that Hamilton would pay his overdue back rent, start paying his current monthly rent, and comply with other requirements such as not harassing Threshold staff and cooperating with obtaining information about his service animal and HUD certification. The agreed order specifically provides that "[t]his action is dismissed without prejudice," and that "[i]f the Defendant breaches one or more of the terms of this agreement, the defendant stipulates and agrees that Plaintiff may reinstate its case upon notice and motion and that Plaintiff will be entitled to the entry of an Order of Eviction and Order of Possession instanter with no delay in the right to ask the sheriff for enforcement. It is stipulated and agreed that any future proceedings

shall be adjudicated by the judge and not by a jury." Hamilton signed the agreed order and thus agreed that Thresholds could reinstate the case.

¶ 26 Hamilton also argues that a voluntary dismissal can be vacated only if the motion to vacate is filed within 30 days of the entry of the voluntary dismissal pursuant to section 2-1203 of the Illinois Code of Civil Procedure (735 ILCS 5/2-1203 (West 2018)). "Generally, a court lacks power to modify, set aside or vacate a final decree 30 days after its rendition." *Ad-Ex, Inc. v. City of Chicago*, 207 Ill. App. 3d 163, 177 (1990). Similar to his argument relying on section 13-217, he also did not raise this argument in the circuit court. Moreover, section 2-1203 does not apply here because Thresholds did not move to vacate the agreed order. Rather, it moved to reinstate the case and for entry of an order of eviction and possession due to Hamilton's failure to abide by the terms of the agreed order.

¶ 27 Moreover, "even where jurisdiction has been lost after the passage of the 30 days following the dismissal, the parties may be deemed to have revested the court with personal and subject matter jurisdiction." *Ad-Ex*, 207 Ill. App. 3d at 177. The agreed order set forth the parties' settlement of the issues involved in the complaint for forcible entry and detainer and agreeing to voluntarily dismiss the case with the option to reinstate it if Hamilton violated the agreed order. Thus, the agreed order was more "equivalent of a consent decree. A consent decree is not a judicial determination of the rights of the parties, nor does it purport to represent judgment of the court. It is merely the court's recordation of the private agreement of the parties." *Id.* at 176. Consent decrees are generally not final appealable orders, but the dismissal orders entered under a settlement agreement is a final order. *Id.* However, even where the circuit court loses jurisdiction after the passage of 30 days following a dismissal, "the parties may be deemed to have revested the court with personal and subject matter jurisdiction" where they actively

participate without objection and engage in conduct inconsistent with the prior order of dismissal. *Id.* at 177. Here, as noted, Hamilton proceeded to appear in court with his attorney and participate in the evidentiary hearing on August 2, 2019. According to Hamilton, his attorney requested additional time to familiarize himself with the case, not to object to jurisdiction, and Hamilton testified at the hearing.

¶ 28                                               C. Bad Faith

¶ 29        Hamilton next contends that Thresholds engaged in various actions in "bad faith" which demonstrate that Thresholds violated Hamilton's due process rights and his contractual rights with Thresholds. Hamilton argues that he contracted for case management services with Thresholds that he at first paid for separately and then as part of his rent. Hamilton recounts the cause of his disability, history of becoming qualified to receive disability benefits, his history of leasing with Thresholds and contracting with them for services, refers to documents which he argues show that he is unable to conduct daily affairs without assistance/case management service from Thresholds, and asserts that Thresholds unilaterally stopped providing case management services that he paid for. Hamilton also contends that he sent his rent checks to Thresholds and details the notices he received from Thresholds. Hamilton also alleges that Thresholds in bad faith intentionally failed to include in the March 28, 2019, agreed order the parties' agreement that Thresholds would resume providing case management services.

¶ 30        However, in support of some of these arguments, Hamilton cites exhibits that are not actually appended to his brief on appeal and also refers to documents that were not contained in the common law record. Accordingly, we do not consider such arguments. *Hartz Construction Company*, 2012 IL App (1st) 103108, ¶ 50; *Tiller,* 263 Ill. App. 3d at 656.

¶ 31  What is more, some of Hamilton's arguments on appeal relate to the affirmative defenses that he raised in his answer to the eviction complaint, *e.g.*, that he gave his April 2018 and May 2018 rent checks to Thresholds. However, the issue on appeal is not whether any of his affirmative defenses should defeat the eviction action. What is actually at issue is whether Hamilton violated the terms of the March 28 agreed order, thereby allowing Thresholds to reinstate the forcible entry and detainer action and proceed without delay to eviction. As we do not know what occurred during the evidentiary hearing on August 2 because Hamilton did not provide a report of proceedings or any agreed upon statement of facts, we must presume that the circuit court ruled properly on Thresholds' motion alleging that Hamilton violated the terms of the March 28 agreed order. *Foutch*, 99 Ill. 2d at 391-92.

¶ 32  We further note that the record belies Hamilton's argument that Thresholds failed to provide him or his attorney with a copy of the motion to reinstate the case until August 2, 2019, when the parties appeared in court, and he did not have prior notification about the motion. The record contains Thresholds' motion to reinstate the case and notice of motion, which Thresholds filed on July 2, 2019,  and refiled on July 31, 2019, which indicated the motion was sent to his counsel, Radzilowsky. Although Radzilowsky was in the process of withdrawing, the record contains an *ex-parte* email from Hamilton to the trial court judge dated July 26, 2019, in which Hamilton acknowledges the existence of the motion, questions what will be the subject of the August 2, 2019, court date, and notes that his attorney "Mike" "was in possession of Bruce's [attorney for Thresholds] Motion well before" July 10. Hamilton continues on in his email to make extensive arguments as to why the motion should be denied.

¶ 33             D. Due Process

¶ 34 In his final claim, Hamilton asserts that his substantive and due process rights were violated because the circuit court forced him and his new counsel to participate in an evidentiary hearing on August 2, 2019, on Thresholds' motion to reinstate the case and denied his counsel's request for additional time to become familiar with the case or file a response.

¶ 35 Despite the fact that the record indicates that Hamilton's previous attorney (Radzilowsky) filed a motion to withdraw on June 12, 2019, Hamilton asserts that he did not hire a new attorney until the night before the August 2, 2019, hearing. He again contends that they did not know about the motion when they appeared in court on August 2, 2019, which, as stated, conflicts with Hamilton's own email to the trial judge. Notably, Hamilton again refers to matters that are not included in the lower court record in asserting that he hired his new counsel the night before and he could not interview Hamilton at length because the attorney was working on another matter. *Hartz Construction Company*, 2012 IL App (1st) 103108, ¶ 50; *Tiller,* 263 Ill. App. 3d at 656.

¶ 36 In arguing that the court erred in not granting his new attorney additional time, Hamilton refers to discussions that were had by the parties and the court and also the evidence that was presented during the August 2, 2019, hearing on the record. However, as stated, Hamilton failed to provide the report of proceedings on appeal. Absent such records, we must presume that the circuit court's decision to deny Hamilton's request for an additional 14 days to file a response to the motion to reinstate the case conforms with the law and is supported by a sufficient factual basis, and we resolve any doubts arising from an incomplete record against Hamilton. *Foutch*, 99 Ill. 2d at 391-92.

¶ 37 III. CONCLUSION

¶ 38 For the reasons stated, we affirm the judgment of the circuit court of Cook County.

Affirmed.