2-00-1212

No. 2--00--1212

 

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

MELISSA SMITH, ) Appeal from the Circuit Court

) of Du Page County.

Plaintiff-Appellee, )

)

v. ) No. 99--AR--1924

)

TANYA GLEASH, ) 

)

Defendant-Appellant ) Honorable

) Richard A. Lucas, 

(Peggy D. Smith, Defendant). ) Judge, Presiding. 

JUSTICE GEIGER delivered the opinion of the court:

The defendant, Tonya Gleash, appeals from the September 6, 2000, order of the circuit court of Du Page County imposing  sanctions on her in the amount of $4,350, pursuant to Supreme Court Rule 91(b) (145 Ill. 2d R. 91(b)).  On appeal, Gleash contends that the trial court's award of sanctions was an abuse of discretion.  We affirm as modified.

The facts relevant to the disposition of this appeal are as follows.  On August 27, 1999, the plaintiff, Melissa Smith, filed  a complaint against the defendants, Gleash and Peggy D. Smith, alleging that she was injured in an August 28, 1997, traffic accident.  On December 2, 1999, the trial court assigned the case to mandatory arbitration and set the arbitration hearing for March 6, 2000, at 8:30 a.m.  On December 2, 1999, the trial court also defaulted Gleash, as she had not yet appeared or answered the plaintiff's complaint.    

Subsequently, the law firm of Meade, Engleberg, & Associates (Meade, Engleberg) filed an appearance on Gleash's behalf.  On December 16, 1999, Gleash moved to vacate the default order against her.  On February 9, 2000, the trial court granted Gleash's motion and rescheduled the arbitration hearing for April 11, 2000, at 9 a.m.  Gleash subsequently filed a motion to be excused from the arbitration or, in the alternative, to testify at the arbitration hearing via telephone.  On March 7, 2000, the trial court granted Gleash's motion, allowing her to testify via telephone. 

On April 11, 2000, neither Gleash nor Meade, Engleberg was present when the arbitration hearing started.  An attorney from Meade, Engleberg eventually appeared on Gleash's behalf at 10:15 a.m., when the arbitrators were already deliberating.  Gleash never appeared or telephoned the arbitration center.  Following their deliberations, the arbitrators entered an award against Gleash in the amount of $3,500 plus costs.  In addition, the panel of arbitrators unanimously found that Gleash had failed to participate in the arbitration hearing in good faith, as required by Supreme Court Rule 91(b).  The arbitrators' award indicated that Gleash's failure to participate in good faith was based on her failure to appear.

    Gleash subsequently filed a motion to reject the award and requested that the matter be set for trial.  On May 12, the trial court struck the motion and entered judgment on the award in the amount of $3,500 plus costs.  On May 31, 2000, Gleash filed a motion to vacate the judgment.  In her motion, Gleash argued that extenuating circumstances prevented her from participating in the hearing.  In support of her motion, Gleash attached affidavits from herself and Roselyn Pickett, an attorney with Meade, Engelberg.  In her affidavit, Gleash stated that she failed to call the arbitration center because she believed that the hearing started at 11 a.m.  In her affidavit, Pickett stated that she arrived late for the hearing because her car would not start.  On June 8, 2000, the court denied the motion.

On July 7, 2000, the plaintiff filed a petition seeking sanctions of $4,350 in attorney fees against Gleash, pursuant to Illinois Supreme Court Rule 91(b).  In her petition, the plaintiff alleged that Gleash had failed to participate in the hearing in good faith.  The plaintiff submitted an affidavit from Jim Pappas, her attorney, attesting to the fees she incurred in the prosecution of the instant case.  Pappas stated that he performed the following services at a standard rate of $150 per hour and a rate $200 per hour in court:

 Description of Service                               Hours

Preparing the lawsuit and summons

1.0

Filing the lawsuit

 .5

October 6, 1999, court appearance to obtain an alias summons for Gleash

1.0

Reviewing Peggy Smith's counterclaim and affirmative defenses against Gleash

 .4

Preparing an answer to Peggy Smith's affirmative defenses

 .5

November 4, 1999, court appearance regarding case status and Gleash's default

1.0

Reviewing Gleash's response to requests to produce 

 .5

January 18, 2000, court appearance regarding Gleash's motion to vacate default and continue arbitration

1.0

Preparing Rule 90(c) package and Rule 213(e) notice

1.0

Preparing answers to interrogatories and requests to produce

1.75

Sending a letter to Peggy Smith and Gleash

 .5

Reviewing Peggy Smith's Rule 90(c) package

1.0

Reviewing Gleash's answers to the complaint and counterclaim

 .5

Preparing the plaintiff for a deposition

1.0

Attending depositions of the plaintiff and Peggy Smith

1.5

March 7, 2000, court appearance

1.0

March 15, 2000, court appearance for Gleash's motion to compel discovery

1.0

Preparing a motion to excuse the plaintiff from the arbitration

1.0

April 7, 2000, court appearance for Gleash's motion to compel discovery

1.0

Reviewing Peggy Smith's answer to discovery

 .5

April 10, 2000, court appearance for the plaintiff's motion to be excused from the arbitration

1.0

Preparing the plaintiff for the arbitration

1.0

Attending the arbitration hearing

2.5

May 12, 2000, court appearance

1.5

Reviewing Gleash's motion to vacate the judgment

1.0

Preparing for Gleash's motion to vacate the judgment

1.0

June 8, 2000, court appearance

1.0

Prosecuting the petition for sanctions

2.0 out of court

1.0 in court

 

On September 6, 2000, the trial court entered sanctions against Gleash for the full amount requested.  Gleash filed a timely notice of appeal.

The sole issue on appeal is whether the trial court abused its discretion in awarding attorney fees as sanctions pursuant to Supreme Court Rule 91(b) 
(145 Ill. 2d R. 91(b))
. 
 Supreme Court Rule 91(b) dictates that all parties to an arbitration hearing must participate in good faith.  The rule provides:  

"(b) Good Faith Participation.  All parties to the arbitration hearing must participate in the hearing in good faith and in a meaningful manner.  If a panel of arbitrators unanimously finds that a party has failed to participate in the hearing in good faith and in a meaningful manner, the panel's finding and factual basis therefor shall be stated on the award.  Such award shall be 
prima
 
facie
 evidence that the party failed to participate in the arbitration hearing in good faith and in a meaningful manner and a court, when presented with a petition for sanctions or remedy therefor, may order sanctions as provided in Rule 219(c), including, but not limited to, an order debarring that party from rejecting the award, and costs and attorney fees incurred for the arbitration hearing and in the prosecution of the petition for sanctions ***." 145 Ill. 2d R. 91 (b). 

It is essential to the integrity of the mandatory arbitration process that the parties proceed at the arbitration hearing in good faith and subject their claims to the sort of adversarial testing that would be expected at trial.  
Employer's Consortium, Inc. v. Aaron
, 298 Ill. App. 3d 187, 191 (1998).
  
Arbitration is not to be considered simply a hurdle to cross on the way to trial.  
Employer's Consortium, Inc.
, 298 Ill. App. 3d at 189.
  Supreme Court Rule 91(b) 
(145 Ill. 2d R. 91(b))
 requires the presence of the party or attorney and good faith and meaningful participation in the arbitration hearing.  
Martinez v. Gaimari
, 271 Ill. App. 3d 879, 882 (1995). 

When the trial court finds that a party failed to participate in the arbitration hearing in good faith, it may in its discretion impose sanctions.  
West Bend Mutual Insurance Co. v. Herrera
, 292 Ill. App. 3d 669, 674 (1997).  
When the arbitrators unanimously find that a party failed to participate in good faith, a court will treat their finding as 
prima
 
facie
 evidence of the party's failure to participate.  
Goldman v. Dhillon
, 307 Ill. App. 3d 169, 172 (1999)
.  The party subject to Rule 91(b) sanctions has the burden of presenting evidence to rebut the 
prima
 
facie
 evidence.  
Eichler v. Record Copy Services
, 318 Ill. App. 3d 790, 792-93 (2000)
.

  
 
A reviewing court will not reverse a trial court's imposition of sanctions under Rule 91(b), absent an abuse of discretion. 
 Goldman
, 307 Ill. App. 3d at 172
.  Such a finding will not be deemed an abuse of discretion unless it is arbitrary or exceeds the bounds of reason. 
 
Eichler
, 318 Ill. App. 3d at 792
.
  

In their briefs, both parties devote much time to discussing the applicability of Rule 91(a).  However, 
we do not believe that Rule 91(a) is applicable in the instant case.  
Rule 91(a) applies when both the party and the party's attorney fail to appear at the arbitration.  
Gore v. Martino
, 312 Ill. App. 3d 701, 704 (2000).  Although Gleash's attorney arrived late, she nevertheless appeared before the arbitration concluded.  
Gore
, 312 Ill. App. 3d at 704.
 
 Moreover, we note that the arbitrators did not find that Gleash failed to appear under Rule 91(a) but instead found that she failed to participate in good faith under Rule 91(b).  We therefore proceed in addressing the issues under Rule 91(b). 
    

In the instant case, the arbitrators made a unanimous finding that Gleash failed to participate in the hearing in good faith. Based upon their finding, the trial court found that Gleash failed to participate in good faith.  On appeal, Gleash does not dispute the trial court's finding. 
 Accordingly, we find that it was proper for the trial court to award attorney fees as sanctions pursuant to Rule 91(b).

Nonetheless, Gleash argues that Rule 91(b) limits the award of sanctions to only those attorney fees incurred in participating in the arbitration hearing itself or in preparing for the arbitration hearing.
  Gleash argues that the majority of the fees awarded by the trial court were not incurred in participating in the arbitration hearing or prosecuting the petition for sanctions.  Rather, she contends the plaintiff incurred many of these fees from the initial pleadings and discovery.  Gleash argues that the plaintiff would have incurred most of the fees even absent her failure to participate in the arbitration hearing.  She also notes that the trial court imposed fees that the plaintiff incurred in opposing Gleash's motions to reject the arbitration award and vacate the judgment.  Gleash argues that such attorney fees may not be recovered as sanctions under Rule 91(b).    

The plain language of Rule 91(b) does not limit the trial court to awarding as sanctions only those attorney fees incurred in preparing for and participating in the arbitration.  Instead, as noted above, Rule 91(b) provides that the trial court may award those sanctions "provided in Rule 219(c),
 
including, but not limited to, an order debarring that party from rejecting the award, and costs and attorney fees incurred for the arbitration hearing and in the prosecution of the petition for sanctions."  145 Ill. 2d R. 91(b).  Rule 219(c) provides that the trial court may award as sanctions the "reasonable expenses incurred as a result of the [offending party's] misconduct, including a reasonable attorney fee." 166 Ill. 2d R. 219(c). 

Generally, parties are responsible for paying their own attorney fees.  
Abreu v. Unica Industries Sales, Inc.
, 224 Ill. App. 3d 439, 452 (1991).  However, pursuant to Rule 219(c), the trial court may award attorney fees as sanctions when a party's misconduct has caused another party to incur fees.  
Dyduch v. Crystal Green Corp.
, 221 Ill. App. 3d 
474, 480 (1991).  The only restriction imposed by Rule 219(c) is that the award of attorney fees must be related to and be the result of the specific misconduct.  
Harnett v. Stack
, 241 Ill. App. 3d 157, 175 (1993); 
see also 
Dyduch
, 221 Ill. App. 3d 
at 480.
  In addition to the costs and attorney fees incurred for the arbitration 
hearing and in the prosecution of the petition for sanctions, Rule 91(b) permits the trial to award reasonable attorney fees incurred as a result of Gleash's misconduct.  

Gleash's misconduct in this case was her failure to participate in the arbitration hearing in good faith.  Therefore, the trial court could only award reasonable attorney fees relating to Gleash's failure to participate in the arbitration hearing.  
We believe that the attorney fees incurred by the plaintiff in preparing for the arbitration hearing, participating in the arbitration hearing, 
in prosecuting the petition for sanctions, and as a result of the defendant's failure to participate in the arbitration hearing all relate to Gleash's failure to participate in good faith.  A review of the plaintiff's petition reveals that she is entitled to the following fees: 

 Description of service                               Cost

preparing a Rule 90(c) package and Rule 213(e) notice

$150

the March 7, 2000, court appearance

$200

preparing the plaintiff for the arbitration

$150

attending the arbitration hearing

$375

the May 12, 2000, court appearance

$300

reviewing the plaintiff's motion to vacate the judgment

$150

preparing for the Gleash's motion to vacate the judgment

$150

the June 8, 2000, court appearance

$200

prosecuting the petition for sanctions

$500

In total, these fees amount to $2,175.  Accordingly, we conclude  that the trial court appropriately awarded $2,175 in attorney fees.    However, we fail to see how the remaining $2,175 in fees awarded relate to the arbitration or Gleash's misconduct.  The plaintiff incurred the remaining attorney fees in preparing the lawsuit and summons; filing the lawsuit; obtaining an alias summons; defaulting Gleash; reviewing and responding to pleadings; and performing discovery.  These fees do not relate to the arbitration or to Gleash's failure to participate in the arbitration.  The plaintiff would have incurred these fees even absent Gleash's failure to participate in the arbitration hearing.  Additionally, the attorney fees incurred to review defendant Peggy Smith's counterclaim, affirmative defenses, and Rule 90(c) package did  not relate to Gleash.  Finally, the attorney fees incurred by the plaintiff to prepare and present her own motion to be excused from arbitration were not caused by Gleash's misconduct.  We therefore conclude that the trial court abused its discretion in imposing these attorney fees as sanctions under Rule 91(b) and hold that they should be subtracted from the total amount awarded.  Accordingly, we reduce the amount of the trial court's sanction award in favor of the plaintiff to $2,175 and enter judgment in that amount.

Finally, the plaintiff requests that we impose Supreme Court Rule 375 sanctions (155 Ill. 2d R. 375) against Gleash for filing a frivolous appeal. 
 An appeal will be deemed "frivolous" where it is not reasonably well grounded in fact and not warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law, or if a reasonable and prudent attorney would not have brought the appeal.  
First Federal Savings Bank of Proviso Township v. Drovers National Bank of Chicago
, 237 Ill. App. 3d 340, 344 (1992).  In light of our decision to reduce the trial court's award of attorney fees, we do not believe that the instant appeal was frivolous.

For the foregoing reasons, the judgment of the circuit court of Du Page County is affirmed as modified.

Affirmed as modified.

HUTCHINSON, P.J., and BOWMAN, J., concur.