ROSIE GIVENS *et al.*, Plaintiffs-Appellees, v. ROSENDO RENTERIA *et al.*,
Defendants-Appellants.

First District (5th Division)   No. 1—02—1074

Opinion filed December 12, 2003.—Rehearing denied May 12, 2004.

Keely Truax, of Parrillo, Weiss & O'Halloran, of Chicago, for appellants.

Anthony L. Russo, Sr., of Russo & Russo, Ltd., of Naperville, for appellees.

JUSTICE REID delivered the opinion of the court:

Following the entry of an order by the trial court barring defendants from rejecting an arbitration award and the subsequent entry of judgment on that award, plaintiffs brought the instant appeal. For the reasons that follow, we affirm the judgment of the trial court.

## BACKGROUND

The underlying lawsuit in this matter is a personal injury and property damage action relating to a traffic accident. The matter was scheduled for arbitration. The parties appeared in person and by counsel at the arbitration hearing.

Martin and Maria Renteria owned the vehicle being driven by Rosendo Renteria. The complaint alleges that the Renteria vehicle hit both the rear of a vehicle owned and operated by Rosie Givens and the rear of a vehicle owned and operated by Trenika Smith. The Renterias filed an appearance, answer and jury demand with leave of court.

On October 19, 2001, defense counsel received plaintiffs' Supreme Court Rule 90(c) documents. 166 Ill. 2d R. 90(c). Thereafter, plaintiffs received leave of court to supplement the Supreme Court Rule 90(c) package. During the arbitration, when a dispute arose regarding defense counsel's objection to the Rule 90(c) documents, the arbitrators indicated they would take the objection under advisement. The arbitrators instructed the parties to proceed. Defense counsel pressed the arbitrators for an immediate ruling on the objection. In an immediate ruling, the arbitrators overruled the objection, again ordering the parties to proceed. Defense counsel refused, despite indications that the arbitrators believed the defense's refusal was contumacious. Defense counsel was insistent upon learning the basis for the arbitrators' ruling.

There is some dispute as to what happened next. According to the defense, the arbitrators then announced they were adjourning the hearing. According to the plaintiffs, the arbitrators temporarily recessed the hearing so they could consult with a circuit court judge. Plaintiffs argue that at no time did the arbitrators terminate the hearing or instruct the parties to leave. The arbitrators' award uses the word "adjourn" in the written document. The arbitrators then contacted a circuit court judge for advice. When they returned, they discovered that the defendants and their attorneys had left. The

arbitrators then proceeded in the absence of the defendants. Evidence was taken, followed by the issuance of an award and a unanimous written finding that the defendants had failed to participate in the arbitration in a meaningful manner because of both how they left and their conduct before they left.

The arbitrators entered an order containing the following language:

> "We the undersigned arbitrators, having been duly appointed and sworn (or affirmed), make the following award: Award in favor of Trenika Smith & against Defendants Rosendo Renteria, Maria Renteria & Martin Renteria for $10,000 plus costs. The panel unanimously finds that the defendants failed to arbitrate in good faith and a meaningful manner. Defense counsel (Parrillo, Weiss per atty Fabrini) objected to certain Rule 90 materials & continued to argue the objections after overruled. After defense counsel repeatedly refused the panels [*sic*] direction to proceed with arbitration, counsel became contemptuous to the panel yelling & continuing refusal [*sic*] to the panels [*sic*] direction to proceed. Counsel for defense was warned that the panel would contact the judge presiding to report contempt of the panel. When the panel adjourned to call the presiding judge, defense counsel summarily left with defendants precluding any further participation by defendants. Judge Laurie ordered the panel to proceed with the evidence of the plaintiff & a hearing was held."

The defendants paid the rejection fee within the statutory 30-day window and served a notice rejecting the arbitration award and requesting a trial. The plaintiffs moved to bar the rejection of the award under Supreme Court Rule 91. 145 Ill. 2d R. 91. In that motion, the plaintiffs urged the trial court to consider defendants' departure before the introduction of any arbitration testimony to be tantamount to a failure to be present at all.

The defendants filed a response supported by affidavits supporting their claim that the arbitrators had declared the arbitration adjourned and instructed all parties to leave the room. All three arbitrators then left the room. The plaintiffs admit the arbitrators did leave the room, but claimed it was only to check a point of law with the trial court, not to end proceedings for the day. The plaintiffs claim the arbitrators did not adjourn the proceedings for the day. The defendants argued before the trial court that they believed the arbitration was over when they left. Additionally, defense counsel claims that at least one of the arbitrators was prejudiced against the defense law firm. The defense further argued that Rule 91(b) states that a bad-faith finding is only *prima facie* evidence that a party has failed to participate in good faith, but it is not meant to be dispositive of the issue.

The trial court declined to take evidence when considering the motion to bar rejection of the award. The defense made an offer of proof as to what the witnesses present in court would have testified. During the offer of proof, the following discussion took place:

"THE COURT: You can make your offer of proof.

[DEFENSE]: I will make my offer of proof as an officer of the court that I would call—then, I will ask them to step forward—

THE COURT: You may make your offer of proof.

[DEFENSE]: Okay. That Mr. Fabrini, as well as Maria and Martin Renteria, would testify that after the arbitrator stood up and walked over—that they said it was over, which was one of the conclusions in the affidavits provided by all three of these people; that the further basis of the fact that it was over was the fact that they walked all the way over to the part in the Arbitration Center where the arbitrators go when cases are over, and that the elevators were near there; that they saw them leave, and there was no attempt to say there was a temporary adjournment, and did nothing to indicate to them that it was not, in fact, over. So, *I am just elaborating on that part of the affidavit.*

THE COURT: That is your offer of proof?

[DEFENSE]: That is my offer of proof. Along with my argument, I think that it further—there is further evidence that, in fact, that the arbitrators gave every indication that the case was over by the fact that all three of them got up and left the room; that, in fact, they were just making a phone call, as indicated, that it would only have taken the chair arbitrator to walk out, but in fact, all of them left the room.

[PLAINTIFF]: Judge, I'm going to object to all of this. This is not part of the record. There is no way of proving that this—

[DEFENSE]: I also want the Court to consider the fact that within the actual bad faith finding itself, that the arbitrators—the way that it is worded. And I would draw the Court's attention to the last two paragraphs, where they indicate in here that, when the panel adjourned, there is no indication in there that it was of a temporary basis, et cetera. And then, this is the interesting paragraph after that, that said that Judge Laurie ordered the panel to proceed with evidence. In other words, indicating that they were fully ready to have the arbitration over until Judge Laurie ordered them to go back and proceed with the evidence. So, I think that further illustrates my clients', as well as my attorney's understanding that the arbitration was, in fact, over. I also believe that this Court should look at and consider the fact that—the findings of the arbitrators, like I said, are only *prima facie*, and it is tainted by a couple of things. It is tainted by two facts, in particular, that are encompassed within our response; tainted by the fact that one of

the arbitrators did not disclose, nor did he recuse himself from the hearing, despite the fact that he was prejudiced against the firm, that he has taken a member of our firm to the ARDC, and basically he should have recused himself. And it taints this whole proceeding, and the whole way we were misled by the arbitrators into thinking that the case was over when, in fact, they reconvened.

THE COURT: Was that the chairperson?

[DEFENSE]: No, that is one of the other arbitrators. Now, the chairperson, however, I believe that these findings are tainted by his words, which are encompassed in the affidavit. The findings of the arbitrator are tainted by the fact that the chairperson threatened my attorney who was there present, threatened him with a finding against this client if he continued to object. I think that threat, which is encompassed in my affidavit, taints the entire finding of the arbitrators; which, again is only *prima facie* evidence. And so, the evidence that we put forth in terms of the affidavit is tainted, taints this, and should not be then held up as *prima facie* evidence as well. Basically, Judge, you know, my clients were there, our attorney was there. We were all ready to proceed in good faith. There were some disputes over evidentiary rulings which, by the way, I feel they were well founded and I included some of those things. But anyway, despite that fact, the arbitrator used the word 'adjourned', and basically said that the case was over. That was all their understanding: That the case was over, and that they were to leave. I want to call the Renterias to testify. They are here.

THE COURT: You had your opportunity to put this in your affidavit.

[DEFENSE]: It is my understanding, Judge, that we should have the opportunity to cross examine, because I have the makers of the affidavits here.

THE COURT: We had a briefing schedule set. This gentleman may be also wanted to put his own witness back on, since you feel you need to put your witness back on. There was a briefing schedule set. You had an opportunity to put information in. This gentleman had his opportunity to reply. He chose to do so. He did so. This court is considering only that.

[DEFENSE]: Judge, I am confused. I don't understand why I can't offer an affidavit and then bring the person in live to testify.

THE COURT: Because there is no need for it. Don't try to sandbag people. Don't do that.

[DEFENSE]: Judge, I am not trying to sandbag people.

THE COURT: I know you are not, counsel. You are trying to do a good job. You make an offer of proof as to your clients Renteria. You make an offer of proof as to the attorney. You make an offer of proof as to those facts. Put it in the record. Move on." (Emphasis added.)

As the above excerpt indicates, the offer of proof was rejected by the trial court as unnecessary. The trial court granted the motion to bar rejection of the arbitration award and entered judgment on the award. The trial court also, after a hearing on defendants' motion to certify a bystander's report of proceedings, entered an order providing that the "best evidence of what took place at the arbitration hearing is the report of the arbitrators attached to the award, and said award and attached report is certified as the Bystander Report of Proceedings."

## STANDARD OF REVIEW

■ There is no disagreement between the parties as to the appropriate standard of review to be applied. An order barring rejection of an arbitration award is reviewed for an abuse of discretion. *State Farm Insurance Co. v. Harmon*, 335 Ill. App. 3d 687, 690 (2002), citing *Goldman v. Dhillon*, 307 Ill. App. 3d 169, 172 (1999); *Government Employees Insurance Co. v. Campbell*, 335 Ill. App. 3d 930, 933 (2002) ("The trial court's decision to bar a party from rejecting an arbitration award is within the sound discretion of the trial court and will not be disturbed on review absent an abuse of discretion"), citing *Williams v. Dorsey*, 273 Ill. App. 3d 893, 901 (1995). "An abuse of discretion 'occurs when the court rules arbitrarily or when its ruling "exceed[s] the bounds of reason." ' " *Campbell*, 335 Ill. App. 3d at 933, quoting *Williams*, 273 Ill. App. 3d at 901, quoting *In re Marriage of Malters*, 133 Ill. App. 3d 168, 180 (1985). However, where the propriety of a debarment sanction turns on a question of law, the order is reviewed *de novo*. *S.B. Lexington, Inc. v. Near North Insurance Agency, Inc.*, 244 Ill. App. 3d 1023, 1030 (1993), citing *South Suburban Safeway Lines, Inc. v. Regional Transportation Authority*, 166 Ill. App. 3d 361, 365 (1988). Where the determination to impose sanctions is made without an evidentiary hearing and is based upon papers in the record, the trial court's decision is not entitled to deference on review. *Toland v. Davis*, 295 Ill. App. 3d 652, 654 (1998), citing *North Shore Sign Co. v. Signature Design Group, Inc.*, 237 Ill. App. 3d 782, 790 (1992). ("When a trial judge bases his decision solely on the same 'cold' record that is before the court of review, it is difficult to see why any deference should be afforded to that decision").

## ANALYSIS

■ Defendants argue on appeal that the trial court erred in barring rejection of the arbitration award. They maintain that Supreme Court Rule 90(g) only allows the court to bar rejection of an arbitration award if a party has violated a Supreme Court Rule 237 (166 Ill. 2d R. 237) notice to appear. Because they did appear with counsel,

they argue they did not violate Rule 237. Defendants also maintain they were misled into leaving the arbitration because the arbitrators used the word "adjourn" when they meant "recess." As they went to leave the building, nobody stopped them. Additionally, defendants claim they participated in a good-faith manner and the arbitrators' bad-faith finding should only have been treated as *prima facie* evidence of bad faith. Defendants point out that there is no case law covering a situation such as this where they showed up but then left when the arbitrator said "adjourn." "In the practice of courts, ['recess' is defined as] a short interval or period of time during which the court suspends business, but without adjourning. ['Recess' is also defined as] [t]he period between sessions of court. A temporary adjournment of a trial or a hearing that occurs after a trial or hearing has commenced." Black's Law Dictionary 1269 (6th ed. 1990). "Adjournment" is defined as "[a] putting off or postponing of business or of a session until another time or place. The act of a court, legislative body, public meeting, or officer, by which the session or assembly is dissolved, *either temporarily or finally*, and the business in hand dismissed from consideration, *either definitely or for an interval*. If the adjournment is final, it is said to be *sine die*." (Emphasis added.) Black's Law Dictionary 42 (6th ed. 1990). The defendants claim their actions did not constitute deliberate, contumacious or unwarranted disregard of the court's authority. The defendants also claim the actions of the court violated their constitutional rights.

The plaintiffs argue the bad-faith finding was appropriate because the arbitrator went to call the presiding judge about the contumacious conduct when the defendants left. Contrary to the defendants' position, the plaintiffs stayed. As a result, the plaintiffs argue there is no way to conclude that it was clearly time to leave.

■ "Arbitration is not to be considered simply a hurdle to cross on the way to trial." *Smith v. Gleash*, 325 Ill. App. 3d 79, 83 (2001), citing *Employer's Consortium, Inc. v. Aaron*, 298 Ill. App. 3d 187, 189 (1998). "It is essential to the integrity of the mandatory arbitration process that the parties proceed at the arbitration hearing in good faith and subject their claims to the sort of adversarial testing that would be expected at trial." *Smith*, 325 Ill. App. 3d at 83. To that end, the supreme court promulgated Rule 91(b), stating the following:

> "All parties to the arbitration hearing *must participate in the hearing in good faith and in a meaningful manner*. If a panel of arbitrators unanimously finds that a party has failed to participate in the hearing in good faith and in a meaningful manner, the panel's finding and factual basis therefor shall be stated on the award. *Such award shall be prima facie evidence that the party*

*failed to participate in the arbitration hearing in good faith and in a meaningful manner* and a court, when presented with a petition for sanctions or remedy therefor, may order sanctions as provided in Rule 219(c), including, but not limited to, an order debarring that party from rejecting the award, and costs and attorney fees incurred for the arbitration hearing and in the prosecution of the petition for sanctions, against that party." (Emphasis added.) 145 Ill. 2d R. 91(b).

It has been determined that bad-faith participation in an arbitration hearing, for purposes of precluding a party from rejecting the decision of the panel, "may consist of 'inept preparation or intentional disregard for the process.' " *Anderson v. Mercy*, 338 Ill. App. 3d 685, 689 (2003), quoting *Schmidt v. Joseph*, 315 Ill. App. 3d 77, 83 (2000). "When the arbitrators unanimously find that a party failed to participate in good faith, a court will treat their finding as *prima facie* evidence ***." *Smith*, 325 Ill. App. 3d at 83, citing *Goldman v. Dhillon*, 307 Ill. App. 3d 169, 172 (1999). Under these circumstances, "[t]he party subject to Rule 91(b) sanctions has the burden of presenting evidence to rebut the *prima facie* evidence." *Smith*, 325 Ill. App. 3d at 83-84, citing *Eichler v. Record Copy Services*, 318 Ill. App. 3d 790, 792-93 (2000).

The trial court entertained a motion to strike the rejection of the arbitration award and gave the matter a full briefing schedule, followed by oral argument. After having considered all of the above, and despite the trial court's reluctance to allow the defendants to put on live testimony, the trial court granted the motion and barred rejection of the arbitration award. Though there are differences contained in the affidavits submitted in support of the parties' arguments, the findings of the arbitration panel are unanimous, detailed and clearly articulated. We decline to substitute our judgment for that of the arbitration panel.

■ As to defendants' next claim, that to bar rejection of an arbitration award is only proper if there is a violation of Supreme Court Rule 237, defendants cite to *State Farm Insurance Co. v. Kazakova*, 299 Ill. App. 3d 1028 (1998). In *Kazakova*, this court reversed a trial court's decision to bar a rejection of an arbitration award. That case is somewhat fact-bound, because it turns on the *Kazakova* defendant's failure to hire an interpreter in contemplation of the arbitration hearing. In *Kazakova*, this court held that "[a]s defendant did not violate Supreme Court Rule 91(b) or [Rule] 237, the trial court erred in barring her from rejecting the arbitration award." *Kazakova*, 299 Ill. App. 3d at 1034. In so ruling, the *Kazakova* court held as follows:

"[W]e believe that the standard to be applied in deciding whether

to bar defendant from rejecting the award is whether her conduct was characterized by a deliberate and pronounced disregard for rules and the court." *Kazakova,* 299 Ill. App. 3d at 1034, citing *Walton v. Throgmorton,* 273 Ill. App. 3d 353, 359 (1995), and *Valdivia v. Chicago & Northwestern Transportation Co.,* 87 Ill. App. 3d 1123, 1125 (1980).

Defendants would have this court extend *Kazakova* such that the violation of Rule 91(b) or Rule 237 is a prerequisite to barring a rejection of arbitration. We decline to adopt this characterization. While violations of those supreme court rules would be good evidence of the "deliberate and pronounced disregard for the rules and the court" necessary to justify barring the rejection, the rule remains flexible in order to maintain the trial court's discretion. Additionally, we must reject the defendants' argument precisely because there was a violation of Rule 91(b) in that they failed to participate in the arbitration in good faith and a meaningful manner. The defendants cannot claim the moral high ground if it was their conduct that caused the arbitrators to stop the hearing in the first place.

■ As to defendants' argument that they were misled into leaving the arbitration such that there should be no consequences for leaving, that only tells part of the story. According to the arbitration panel's order, prior to leaving, the defendants were not participating in a good-faith and meaningful manner. The defendants were "refus[ing] the panels [*sic*] direction to proceed," "warned that the panel would contact the judge presiding to report contempt," and generally "yelling." This all took place *before* defendants summarily left, thereby "precluding any further participation." Additionally, we cannot ignore the fact that *the plaintiffs did not leave* after the panel made its allegedly misleading announcement of an adjournment.

■ Defendants also claim the sanction was too severe and their constitutional rights were violated by the trial court's denial of a jury trial and subsequent entry of judgment, as they put it, "simply because they followed the arbitrators' instructions to leave the room once the hearing was adjourned." Again, this characterization of the record fails to take defendants' actions prior to the "adjournment" into account. The trial court, in barring rejection of the award of the arbitrators, considered everything contained in the record of proceedings. The trial court also entertained oral arguments on the motion. In so ruling, the trial court rejected the defendants' characterization of the events. We similarly reject defendants' contentions because the burden was on them to demonstrate by the manifest weight of the evidence that the trial court abused its discretion and that the sanction was too severe. "The sanctions of dismissal of a plaintiff's action or entry of a

judgment against a defendant is the most drastic of sanctions and should be imposed reluctantly and only as a last resort when all other enforcement powers at the court's disposal have failed to advance the litigation. [Citation.] These drastic sanctions should not be invoked *except in those cases where the actions of the party show a deliberate, contumacious and unwarranted disregard of the court's authority."* (Emphasis added.) *Easter Seal Rehabiliation Center for Will-Grundy Counties, Inc. v. Current Development Corp.*, 307 Ill. App. 3d 48, 51 (1999), citing *Wilkins v. T. Enterprises, Inc.*, 177 Ill. App. 3d 514 (1988). Contempt of the arbitrators' authority is precisely the issue in this case. The trial court felt that debarment of a notice of rejection of an arbitration award is an appropriate sanction for what the arbitrators themselves unanimously found to be deliberate, contumacious and unwarranted conduct. Such a conclusion is not unwarranted on this record.

■ The defendants next argue that the arbitrators' actions and the trial court's ruling resulted in the defense being subjected to two arbitration hearings, the second of which was held without notice. The plaintiffs suggest there was only one hearing with a temporary recess to allow the arbitrators to consult with the presiding judge. The trial court, *sub silencio*, agreed with that notion. As a temporary recess, there would be no additional notice requirement. Because we review the trial court's order for an abuse of discretion, we cannot say the decision exceeds the bounds of reason. We need not discuss the matter further.

■ Finally, defendants claim that because there were disputed facts in the conflicting affidavits presented in the motion to strike the rejection of the arbitration, the trial court should have conducted an evidentiary hearing. The defendants were given the opportunity to fully brief the arguments their counsel made orally. Defense counsel was also allowed to make an offer of proof, even though the offer was ultimately rejected. The trial court decided that it was not necessary, in light of the affidavits presented, to have live testimony from the affiants. The trial court explained to the defense counsel that the live testimony would not have added any substantial matters to the allegations contained in the affidavits, responses and argument. In support of their claim, defendants cite to *In re Estate of Smith*, 201 Ill. App. 3d 1005 (1990). In *Smith*, after a jury verdict in favor of the claimant, Gualarndri & Company, the claimant filed a written motion seeking attorney fees and other expenses. The trial court denied that motion in an order that, though it indicated the motion was fully briefed and argued, was silent as to whether the parties were given any opportunity to introduce evidence at the hearing. The *Smith* court

recognized that "[t]he circuit court is in the best position to decide how [applicable] rules or statutes should be applied in the cases before it, and for that reason its decisions are entitled to considerable deference upon review." *Smith*, 201 Ill. App. 3d at 1009. The *Smith* court also ruled:

> "[T]he predicate to such deference is that the circuit court make an informed and reasoned decision. A hearing ought to be held to give the parties involved an opportunity to present any evidence needed to substantiate or rebut the claim for sanctions and an opportunity to argue their positions. A hearing was held in this case on the motion for fees and expenses, but the order entered suggests that no evidence was taken at that hearing. In the absence of findings which would justify foregoing an evidentiary hearing, the circuit court erred in not having such a hearing." *Smith*, 201 Ill. App. 3d at 1009, citing *Beno v. McNew*, 186 Ill. App. 3d 359 (1989).

The *Smith* case is inapposite to this one. First and foremost, *Smith* does not deal with the necessity of an evidentiary hearing when a violation of Rule 91 is implicated. Second, *Smith* recognizes the chance for circumstances when, as now, the trial court is sufficiently well informed so as to be able to render a proper decision. Third, *Smith* did not address the impact of an offer of proof on this type of case. Here the defendants were afforded the opportunity to fully brief the matter, orally argue it and make an offer of proof. The offer consisted of a narrative of the proposed testimony to be given by those persons whose affidavits were already before the trial court. The trial court considered all of those things yet did not see the necessity for live testimony to repeat the information contained in the affidavits attached to the pleadings. Additionally, the trial court was well aware of the supreme court rule stating that "[a]n arbitrator may not be called to testify as to what transpired before the arbitrators and no reference to the fact of the conduct of the arbitration hearing may be made at trial." 166 Ill. 2d R. 93(b). Based upon our review of the record in this case, we cannot say the trial court's decision or conduct was an abuse of discretion.

## CONCLUSION

In light of the foregoing, the decision of the trial court is hereby affirmed.

Affirmed.

CAMPBELL, P.J., and HARTIGAN, J., concur.