# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *Jordan v. Bangloria*, 2011 IL App (1st) 103506

---

| | |
|---|---|
| Appellate Court Caption | SEAN JORDAN, Plaintiff-Appellee, v. HASIB BANGLORIA, Defendant-Appellant (Parrillo, Weiss & O'Halloran, Appellant). |
| District & No. | First District, Second Division<br>Docket No. 1-10-3506 |
| Opinion filed | December 30, 2011 |
| Rehearing denied | April 24, 2012 |
| Modified opinion filed | May 1, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In an action for personal injuries and property damage arising from an automobile accident, the trial court properly entered an order debarring defendant from rejecting the arbitration award, assessing attorney fees for defendant's failure to participate in the arbitration in good faith, and assessing additional attorney fees pursuant to Supreme Court Rule 137 based on defendant's frivolous objections to plaintiff's requests to admit under Supreme Court Rule 216. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 10-M2-0085; the Hon. Roger G. Fein, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on
Appeal

Parillo, Weiss & O'Halloran, of Chicago (Keely Hillison, of counsel), for
appellants.

DiMonte & Lizak, LLC, of Park Ridge (Chester A. Lizak, of counsel), for
appellee.

Panel

JUSTICE CUNNINGHAM delivered the judgment of the court, with
opinion.
Presiding Justice Quinn and Justice Connors concurred in the judgment
and opinion.

## OPINION

¶ 1   This appeal arises from a September 2, 2010 order entered by the circuit court of Cook
County that debarred the defendant's rejection of an arbitration award, assessed attorney fees
under Illinois Supreme Court Rule 91(b) (eff. June 1, 1993) for the defendant's failure to
participate in the arbitration in good faith, and assessed additional attorney fees under Illinois
Supreme Court Rule 137 (eff. Feb. 1, 1994) for frivolous objections to the plaintiff's request
to admit facts. The defendant filed a motion to reconsider the trial court's ruling. The trial
court denied the defendant's motion to reconsider. On appeal, the defendant argues that: (1)
the trial court erred in entering judgment on the arbitration award because the court did not
give 60 days' written notice of the arbitration hearing; (2) the trial court erred in debarring
his rejection of the arbitration award and assessing attorney fees for failure to participate in
the arbitration in good faith; and (3) the trial court erred in assessing sanctions for his
responses and objections to the plaintiff's request to admit. For the following reasons, we
affirm the judgment of the circuit court of Cook County.

¶ 2                                    BACKGROUND

¶ 3   On January 14, 2010, plaintiff-appellee Sean Jordan (Sean) filed a personal injury and
property damage lawsuit in the circuit court of Cook County against defendant-appellant
Hasib Bangloria (Hasib), as a result of an automobile accident that occurred on January 16,
2009. On January 27, 2010, Parrillo, Weiss & O'Halloran (defense counsel) filed its
appearance and a jury demand on behalf of Hasib. Around February 4, 2010, Sean served
Hasib, through defense counsel, with a request to admit facts. Also on February 4, 2010,
Sean's counsel sent defense counsel a notice to appear at arbitration.[1] On March 2, 2010,
Hasib served Sean with written objections to the request to admit. On March 30, 2010, the

---

[1]We note that the notice to appear at arbitration was not filed stamped by the court.

trial court entered an order closing discovery as of April 30, 2010, and transferred the case to the mandatory arbitration calendar. On April 9, 2010, Sean filed a motion requesting the trial court to overrule Hasib's objections to his request to admit. On May 3, 2010, Sean served defense counsel with Supreme Court Rule 90 documents, relating to the conduct of the mandatory arbitration hearing. Ill. S. Ct. R. 90 (eff. July 1, 2008). A June 2, 2010 order overruled Hasib's objections, ordered Hasib to respond, and indicated that an arbitration hearing set for June 9, 2010 would stand. Prior to the June 2, 2010 order, there is nothing in the record that would indicate Hasib received any notice of the arbitration hearing date. In a separate order that day, Hasib was ordered to appear for a deposition prior to June 9, 2010. The order further indicated that the arbitration hearing was set for June 9, 2010. At that time, the plaintiff's attorneys were advised that the defense counsel had first located Hasib within the "last few days."

¶ 4    Hasib never appeared for his deposition, nor did he appear for the arbitration hearing in response to Sean's notice to appear. On June 9, 2010, an arbitration hearing was held and defense counsel was present. An award of damages was entered in favor of Sean and against Hasib in the amount of $5,000 with no costs. The arbitrators did not make a finding that Hasib and defense counsel failed to participate in good faith. On June 23, 2010, Hasib filed a rejection of the award. On July 21, 2010, Sean filed a motion to "quash rejection of arbitration award." The motion also sought the assessment of attorney fees against defense counsel for bad faith in failing to produce Hasib at the arbitration hearing pursuant to Sean's notice to produce, for Hasib's failure to appear for the deposition, and for Hasib's frivolous objections to Sean's request to admit. Sean also filed a separate motion for assessment of attorney fees under Illinois Supreme Court Rule 137, claiming that Hasib's objections to the request to admit were frivolous. On September 2, 2010, the trial court granted Sean's motion to bar the rejection of the arbitration award, entered judgment on the award, and assessed the sum of $3,375 for attorney fees against Hasib and defense counsel. The trial court found that defense counsel did not participate in good faith "in connection with and at the arbitration hearing, prior thereto, and thereafter." The trial court also assessed $3,175 in attorney fees under Supreme Court Rule 137 against defense counsel only, finding that the objections to Sean's request to admit were "frivolous."

¶ 5    On September 29, 2010, Hasib filed a motion to reconsider supported by two affidavits. One affidavit was from Cook County Arbitration Administrator Kimberly Atz O'Brien, which stated that written notice of the arbitration hearing date was only mailed to the plaintiff's attorneys. The second affidavit was from Steven Harris, an attorney with defense counsel, which stated that he appeared in court in this case on June 2, 2010, that the court stated the arbitration date would stand, and that Mr. Harris did not then realize that defense counsel had not been notified of the arbitration hearing.

¶ 6    On November 12, 2010, Hasib's motion to reconsider was denied. The trial court found that defense counsel "ignore[d] the professional responsibility of his law firm to keep on top of scheduled dates for filings and appearances in Court or in connection with arbitration hearings." On November 19, 2010, Hasib and defense counsel filed a notice of appeal. On November 30, 2010, Hasib and defense counsel filed an amended notice of appeal.

¶ 7                                    ANALYSIS

¶ 8        The parties disagree on what standard of review should be utilized by this court. Generally, a trial court's decision to bar rejection of an arbitration award is reviewed for an abuse of discretion. *Williams v. Dorsey*, 273 Ill. App. 3d 893, 901, 652 N.E.2d 1286, 1292 (1995). Abuse of discretion occurs when the trial court rules arbitrarily or when its ruling exceeds the bounds of reason. *Id*. However, a trial court's ruling that depends solely on the court's construction of a statute or a supreme court rule is reviewed *de novo*. *Paul H. Schwendener, Inc. v. Larrabee Commons Partners*, 338 Ill. App. 3d 19, 28, 787 N.E.2d 192, 200 (2003). *De novo* consideration means we perform the same analysis that a trial judge would perform. *Khan v. BDO Seidman, LLP*, 408 Ill. App. 3d 564, 578, 948 N.E.2d 132, 146 (2011).

¶ 9        Hasib and defense counsel argue that the trial court erred in debarring the rejection of the arbitration award and in entering judgment because the court did not give 60 days' written notice of the hearing. Illinois Supreme Court Rule 88 (eff. June 1, 1987) requires that "not less than 60 days' notice [of an arbitration hearing] shall be given to the parties or their attorneys of record." Illinois Supreme Court Rule 91(a) (eff. June 1, 1993) provides that "[t]he arbitration hearing shall proceed in the absence of any party who, after due notice, fails to be present."

¶ 10       We find *Juszczyk v. Flores*, 334 Ill. App. 3d 122, 777 N.E.2d 454 (2002), instructive on this issue. In *Juszczyk*, we found that the failure to provide at least 60 days' notice of an arbitration hearing date renders a judgment on an arbitration award voidable. *Id*. at 125-26, 777 N.E.2d at 457. A previous appellate court decision, in *Ratkovich v. Hamilton*, 267 Ill. App. 3d 908, 914, 642 N.E.2d 834, 838 (1994), that found such a judgment to be void is not followed because it is in direct conflict with our Illinois Supreme Court's decision holding that only orders entered by a court lacking personal or subject matter jurisdiction are void. "Both Illinois Appellate and Supreme Court case law have consistently held that a judgment or order is void [only] where it is entered by a court or agency lacking personal jurisdiction, subject-matter jurisdiction, or the inherent power to enter the particular judgment or order, or where the judgment or order is procured by fraud." *Juszczyk*, 334 Ill. App. 3d at 125, 777 N.E.2d at 456 (citing *Johnston v. City of Bloomington*, 77 Ill. 2d 108, 112, 395 N.E.2d 549, 550 (1979), *People v. Davis*, 156 Ill. 2d 149, 155, 619 N.E.2d 750, 754 (1993), *In re Marriage of Mitchell*, 181 Ill. 2d 169, 174-75, 692 N.E.2d 281, 284 (1998), *Steinbrecher v. Steinbrecher*, 197 Ill. 2d 514, 530-31, 759 N.E.2d 509, 519 (2001), and *LaSalle National Trust, N.A. v. Lamet*, 328 Ill. App. 3d 729, 731-32, 767 N.E.2d 464, 467 (2002)).

¶ 11       Now, once we have a voidable judgment, our next inquiry concerns the conduct of the parties and their attorneys. In *Juszczyk*, the defendant and his attorneys were not given at least 60 days' notice and they did not appear at the scheduled arbitration date. *Juszczyk*, 334 Ill. App. 3d at 123, 777 N.E.2d at 455. The arbitration panel subsequently awarded the plaintiff $20,000 in damages, plus costs. *Id*. The plaintiff then filed a motion for an award of costs, defense counsel appeared and argued the motion, and the trial court awarded $520 as costs. *Id*. Two and a half months later, the defendant filed a petition to vacate the arbitration judgment under section 2-1401 of the Illinois Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 1998)), on the grounds that the defendant never received notice

-4-

of the arbitration hearing or the initial judgment order. *Id*. at 123-24, 777 N.E.2d at 455-56. The trial court granted the petition, finding the arbitration judgment void. *Id*. We reversed, finding that defense counsel failed to show due diligence because the law firm waited 2½ months after they had knowledge of the judgment. *Id*. at 127-28, 777 N.E.2d at 458-59.

¶ 12 Although the case at bar does not involve a section 2-1401 petition to vacate, which requires due diligence, it does involve the conduct of defense counsel representing Hasib. We find the facts of this case similar to the facts in *Tiller v. Semonis*, 263 Ill. App. 3d 653, 635 N.E.2d 572 (1994). In *Tiller*, the plaintiff filed suit after his car was struck by the defendant's car. *Tiller*, 263 Ill. App. 3d at 655, 635 N.E.2d at 573. Plaintiff's counsel and defendant's counsel exchanged correspondence as they took steps to prepare for trial. *Id*. On December 20, 1991, the court ordered that the case be transferred to the mandatory arbitration calendar. *Id*. Around January 16, 1992, plaintiff's counsel received postcard notice from the court that the matter was set for arbitration on March 24, 1992. *Id*. The defendant and defendant's counsel failed to appear at the hearing and the plaintiff was awarded $10,000. *Id*. Defendant's counsel claimed that they never received any notice of the hearing. *Id*. The circuit court entered judgment on the arbitration award and the defendant appealed. *Id*. On appeal, the defendant argued that the trial court erred in denying her emergency motion to vacate the arbitration award because she did not receive 60 days' notice of the arbitration hearing as prescribed in Illinois Supreme Court Rule 88 (eff. June 1, 1987). *Id*. at 656, 635 N.E.2d at 574.

¶ 13 This court affirmed the trial court's order denying the defendant's motion to vacate the judgment on the arbitration award. *Id*. at 657, 635 N.E.2d at 574. Notably, the defendant and defendant's counsel failed to appear for the hearing on their own motion to vacate. *Id*. This court held that the defendant's lack-of-postcard-notice argument was rooted in the trial court's assessment of credibility, and since the defendant and defendant's counsel routinely appeared late or failed to appear at multiple court proceedings, the trial court did not abuse its discretion in denying the defendant's motion to vacate. *Id*. Additionally, this court reasoned that although defense counsel claimed that they were not aware of the date of the arbitration hearing, the court's order of December 20, 1991 transferred the case to the mandatory arbitration calendar. *Id*. This court held that "[a]ttorneys have a legal and ethical duty to act with reasonable diligence in representing their client's interests. [Citations.] This duty includes tracking their cases and learning the date upon which a hearing is to occur." *Id*. Morever, this court held that "[t]he failure of a litigant to be notified of the date of a hearing does not constitute an excuse for failing to appear at the hearing." *Id*. (citing *Hall v. Hall*, 15 Ill. App. 3d 599, 603, 304 N.E.2d 763, 767 (1973)).

¶ 14 In this case, the Cook County arbitration administrator stated in an affidavit that she only sent postcard notice of the arbitration date to Sean's counsel because at the time there was no attorney of record for the defendant. Defense counsel claims that as a result of not receiving postcard notice, it was not aware of the arbitration date until June 2, 2010, just seven days before the hearing. However, the record contradicts this claim. On January 27, 2010, defense counsel filed an appearance on behalf of Hasib. On February 4, 2010, Sean's counsel sent defense counsel a notice to appear at arbitration. On March 30, 2010, a court order transferred the matter to the mandatory arbitration calendar. In the trial court's

September 2, 2010 order entering the judgment on the arbitration award, the trial court held that the February 4, 2010 notice to appear at arbitration complied with the notice requirements of Illinois Supreme Court Rule 237 (eff. July 1, 2005). Further, in the trial court's November 12, 2010 order denying Hasib's motion to reconsider, the court rejected defense counsel's argument that it was not provided with 60 days' notice of the arbitration and noted that defense counsel knew that the matter had been sent to the mandatory arbitration calendar as of March 30, 2010.

¶ 15        Pursuant to *Tiller*, we hold that defense counsel had a professional responsibility to keep track of scheduled dates for court and arbitration hearings. Although defense counsel did not engage in the misconduct of being late and failing to appear at court proceedings like the defendant's counsel in *Tiller*, counsel in this case is still required to be aware of the important dates in his case, including the arbitration date. Despite not being given the specific date, defense counsel cannot claim that he did not know that an arbitration hearing would be scheduled since he was aware that the case had been transferred to the mandatory arbitration calendar *and* he was served with notice to appear at arbitration as well. Counsel's argument taken to its logical extreme seems to suggest that he need not be proactive in tracking and advancing his case toward resolution. Rather, he may simply wait to be notified of important dates without any obligation on his part to act. Therefore, Hasib and defense counsel's argument that Hasib's due process rights were violated because of lack of notice is also not persuasive for the reasons discussed. Therefore, we hold that the trial court did not err in entering judgment on the arbitration award, and the judgment entered was not void.

¶ 16        Hasib and defense counsel further argue that the trial court cannot consider conduct which occurs outside of the arbitration hearing itself. Here, the trial court imposed sanctions against Hasib and defense counsel for failure to participate in good faith "in connection with and at the arbitration hearing, prior thereto, and thereafter."

¶ 17        When the trial court finds that a party has failed to participate in the arbitration hearing in good faith, it may in its discretion impose sanctions. *Smith v. Gleash*, 325 Ill. App. 3d 79, 83, 757 N.E.2d 101, 104 (2001); *West Bend Mutual Insurance Co. v. Herrera*, 292 Ill. App. 3d 669, 674, 686 N.E.2d 645, 648 (1997). We will not reverse the trial court's imposition of sanctions absent an abuse of discretion. See generally *Smith*, 325 Ill. App. 3d at 84, 757 N.E.2d at 105. Such a finding will not be deemed an abuse of discretion unless it is arbitrary or exceeds the bounds of reason. *Id*.

¶ 18        Parties proceeding in good faith is essential to the integrity of the mandatory arbitration process. *Employer's Consortium, Inc. v. Aaron*, 298 Ill. App. 3d 187, 191, 698 N.E.2d 189, 193 (1998). Arbitration is not to be considered simply a hurdle to cross on the way to trial. *Id*. at 189, 698 N.E.2d at 191. Supreme Court Rule 91(b) requires the presence of the party and good faith and meaningful participation in the arbitration hearing. See *Martinez v. Gaimari*, 271 Ill. App. 3d 879, 883, 649 N.E.2d 94, 97-98 (1995). A party's presence is required especially where it has not been excused by the court and especially when it is required to appear pursuant to a written notice to produce, which was filed in the case at bar. See *id*.

¶ 19        Rule 219(c) provides that the trial court may award as sanctions the "reasonable expenses

incurred as a result of the [offending party's] misconduct, including a reasonable attorney fee." Ill. S. Ct. R. 219(c) (eff. July 1, 2002). Generally, parties are responsible for paying their own attorney fees. *Abreu v. Unica Industrial Sales, Inc.*, 224 Ill. App. 3d 439, 452, 586 N.E.2d 661, 671 (1991). However, as noted, pursuant to Rule 219(c), the trial court may award attorney fees as sanctions when a party's misconduct has caused another party to incur fees. *Dyduch v. Crystal Green Corp.*, 221 Ill. App. 3d 474, 480, 582 N.E.2d 302, 307 (1991). The only restriction imposed by Rule 219(c) is that the award of attorney fees must be related to misconduct arising from failure to comply with procedural rules relating to discovery. See generally *Hartnett v. Stack*, 241 Ill. App. 3d 157, 175, 607 N.E.2d 703, 715 (1993), *Dyduch*, 221 Ill. App. 3d at 480, 582 N.E.2d at 307.

¶ 20     Sean argues that participating in good faith covers more than the arbitration hearing. While we agree generally with that argument, as the trial court noted, Hasib and defense counsel's conduct in its totality did not measure up to good faith. In *Walikonis v. Halsor*, 306 Ill. App. 3d 811, 816, 715 N.E.2d 326, 330 (1999), the court held that prospectively debarring a motorist from rejecting the arbitration award on the basis of his conduct before the arbitration hearing was an abuse of discretion. In *Smith*, the amount of sanctions was limited to those fees incurred in relation to the arbitration hearing. See *Smith*, 325 Ill. App. 3d at 85, 757 N.E.2d at 106.

¶ 21     The trial court here found that "defendant and defendant's counsel did not participate in good faith in connection with and at the arbitration hearing, prior thereto, and thereafter." We can affirm the trial court's finding as long as the correct ruling is supported by the record. *Legion Insurance Co. v. Empire Fire & Marine Insurance Co.*, 354 Ill. App. 3d 699, 703, 822 N.E.2d 1, 5 (2004). Further, Rule 219(c) gives the trial court the authority to impose sanctions as was done in this case. We note that Hasib and defense counsel did not contest the amount or the dates and time spent for the attorney fees. Also, all of the attorney fees appear to be related to the arbitration hearing and for the prosecution of the motion for sanctions. The fact that no explanation was given for Hasib's failure to appear at the arbitration hearing pursuant to a notice to produce is sufficient to support a finding that Hasib and defense counsel did not participate in good faith at the hearing. Therefore, the trial court's sanctions of debarring Hasib and defense counsel's rejection of the arbitration award and the entry of attorney fees for their failure to participate at the arbitration hearing in good faith were proper.

¶ 22     We next examine Hasib and defense counsel's argument that the trial court erred in assessing attorney fees against defense counsel for the responses and objections to Sean's request to admit. Sean attempted to obtain an admission from Hasib that a property damage estimate was prepared on behalf of Hasib and was the reasonable expense of the necessary repairs of the damage to Sean's vehicle caused by Hasib's negligence. Sean requested Hasib to make the following admissions:

    "1. The Certified Estimate attached hereto as Exhibit 'A' was prepared on behalf of Defendant, Hasib Bangloria.

    2. If the request for admission set forth in paragraph 1 is denied, Defendant is requested to admit that the Certified Estimate attached hereto as Exhibit 'A' was

prepared for Apollo Casualty Insurance Company, acting as agent for its insured, Hasib Bangloria.

> 3. That the Certified Estimate attached as Exhibit 'A' sets forth the reasonable expense of necessary repair of the damage to Sean's vehicle arising from the accident with Defendant.

> 4. That the difference between the fair market value of Sean's vehicle immediately before the accident and the fair market value of the unrepaired vehicle immediately after the accident is greater than the reasonable expense set forth in Exhibit 'A'."

Hasib's response was as follows:

> "1-4 Objection. Requests are improper, asking for opinions that are not true facts. Furthermore, said request is in violation of Supreme Court Rule 213, by failing to disclose the defendant as giving such opinions and fails to properly authenticate and lay a proper foundation."

¶ 23     In overruling Hasib and defense counsel's objections to Sean's request to admit, the trial court ruled that "defendant's blanket declination to respond substantively to the Request to Admit and his objections thereto are found to be without merit, and baseless, and unsupported by any case law."

¶ 24     In Hasib and defense counsel's brief before the appellate court, they now argue for the first time that " 'informing a jury in a negligence action that a defendant is or is not insured constitutes reversible error' " (quoting *Neyzelman v. Treitman*, 273 Ill. App. 3d 511, 514, 652 N.E.2d 1300, 1303 (1995)). However, arguments and objections that were not made in the trial court cannot be made in the appellate court, and those arguments are deemed waived. *Hamilton v. Conley*, 356 Ill. App. 3d 1048, 1053, 827 N.E.2d 949, 955 (2005) (issues not raised in the trial court are deemed waived and cannot be argued for the first time on appeal). Defense counsel is an experienced lawyer who is well aware that if the request was answered, all references of insurance would have been deleted at trial upon its request to do so.

¶ 25     Next, Hasib and defense counsel argue that the reasonableness of a property damage repair estimate, the necessity of the repairs estimated, and the difference in market value of a vehicle before and after a traffic accident are not deemed proper in a personal injury action. Although, that may be true, this case is not only a personal injury action, but it is also a property damage action. Thus, the damage to the vehicle caused by Hasib's negligence and its value now are proper.

¶ 26     Next, Hasib and defense counsel claim that a request to admit must not call for legal conclusions or opinions of law. *Robertson v. Sky Chefs, Inc.*, 344 Ill. App. 3d 196, 200, 799 N.E.2d 852, 856 (2003). We agree; however, Sean's request to admit did not request legal conclusions or opinions of law. It merely requested a verification that Hasib's insurance company had estimated the damages to Sean's vehicle at $414.04.

¶ 27     The purpose of Illinois Supreme Court Rule 216 (eff. Aug. 1, 1985), is to do away with litigation involving matters that are not in dispute. *People v. Mindham*, 253 Ill. App. 3d 792, 799, 625 N.E.2d 835, 841 (1993). In Sean's motion for sanctions for bad-faith responses to the requests to admit, Sean claimed Hasib's objections violated Supreme Court Rule 137

because they are not "well grounded in fact, [nor are they] warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law." Ill. S. Ct. R. 137 (eff. Feb. 1, 1994). Supreme Court Rule 137 states:

> "Every pleading, motion and other paper of a party represented by an attorney shall be signed by at least one attorney of record in his individual name, whose address shall be stated. A party who is not represented by an attorney shall sign his pleading, motion, or other paper and state his address. Except when otherwise specifically provided by rule or statute, pleadings need not be verified or accompanied by affidavit. The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. If a pleading, motion, or other paper is not signed, it shall be stricken unless it is signed promptly after the omission is called to the attention of the pleader or movant. If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, may impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of reasonable expenses incurred because of the filing of the pleading, motion or other paper, including a reasonable attorney fee.

> All proceedings under this rule shall be brought within the civil action in which the pleading, motion or other paper referred to has been filed, and no violation or alleged violation of this rule shall give rise to a separate civil suit, but shall be considered a claim within the same civil action. Motions brought pursuant to this rule must be filed within 30 days of the entry of final judgment, or if a timely postjudgment motion is filed, within 30 days of the ruling on the postjudgment motion.

> \*\*\*

> Where a sanction is imposed under this rule, the judge shall set forth with specificity the reasons and basis of any sanction so imposed either in the judgment order itself or in a separate written order." Ill. S. Ct. R. 137 (eff. Feb. 1, 1994).

The trial court awarded Sean attorney fees for 12.7 hours or $3,175. We cannot say that the trial court abused its discretion in finding that defense counsel violated Supreme Court Rule 137 and awarding Sean attorney fees of $3,175. Therefore, we hold that the trial court properly assessed attorney fees under Supreme Court Rule 137 against defense counsel for frivolous objections to Sean's request to admit.

¶ 28    For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

¶ 29    Affirmed.